MUNNERLYN, trustee, *et al. v.* AUGUSTA SAVINGS BANK.

1. Trust money deposited in bank by a trustee to his credit as agent may be sued for by him as trustee, and it will not vitiate the action that he joins with himself in the suit the beneficiaries of the trust.

2. A check in favor of a third person signed by the trustee as agent and presented by the payee is a sufficient demand for the repayment of the deposit, and upon refusal to pay the trustee's right of action becomes complete.

3. The deposit being general and not evidenced by any regular certificate of deposit or other writing fixing the time of payment, the statute of limitations does not commence to run in favor of the bank until demand and refusal, such demand not being delayed until the right has become stale.

4. It is not a conversion for the trustee to deposit trust money in bank to his credit as agent, though the bank may have knowledge of the trust.

5. Payment by the bank to the trustee on his checks will discharge it, whether such checks be signed with or without the designation of trustee.

December 7, 1891.

Trusts. Banks. Actions. Demand. Limitations. Conversion. Payment. Before Judge RONEY. Richmond superior court. October term, 1890.

The action was commenced April 1, 1890, by Munnerlyn as trustee for two Munnerlyns and by those two in their own right, to recover of the bank certain moneys claimed to have been deposited with it. The declaration gives the dates of the deposits as March 11, 1884, and June 30, 1885, and alleges that they were made by Munnerlyn as trustee and agent of plaintiffs, and by Munnerlyn, trustee, acting as agent for plaintiffs. It is further alleged that the bank had full knowledge at the times of deposit that the money deposited was the trust property of plaintiffs and that the sum set forth in the certificate was to be subject to the check of Munnerlyn as agent for petitioners; and that on November 19, 1888, a check for the amount deposited June 30, 1885, by Munnerlyn as agent for plaintiffs, was drawn by him on the bank in favor of Lovett, and was presented by the payee to the bank and payment refused. Exhibited were two instruments alleged to have been furnished by the bank as evidence of the deposits, one dated March 11, 1884, signed by the cashier of the bank, addressed to "John D. Munnerlyn, agent," and stating: "Your account has been credited with $595 deposited by self"; the other dated June 30, 1885, with the same signature, address and statement, except as to the amount deposited. Also exhibited were the check drawn in favor of Lovett by "John D. Munnerlyn, agt.", and a draft in favor of the cashier of the bank, dated June 30, 1885, signed "John D. Munnerlyn, tr.", and indorsed by the cashier. By amendment the terms

of the trust were set forth, and it was alleged that the money sued for arose from the income of the trust estate, etc.

The defendant demurred generally; and especially because, according to the declaration, the moneys were received and converted more than four years before the filing of the suit, and the action is barred. It pleaded the general issue; and also that the moneys in question were received by it from Munnerlyn, and it accounted to him therefor with no notice that they belonged to plaintiffs or either of them, or to any person other than Munnerlyn; that they were paid to him in cash, or credited to his individual account and paid out to him on his order upon checks drawn by him, without notice of any title, claim or interest of plaintiffs or either of them, and this was done more than four years before the filing of the suit; that if they belonged to Munnerlyn as trustee, of which defendant had no notice and which it denies, they were received from him and paid out on checks upon his order on or before September 30, 1885, and the suit is thus barred by the statute of limitations; and that with the knowledge of the plaintiffs the deposit of June 30, 1885, was credited to the individual account of Munnerlyn, defendant supposing and believing him to be the true owner thereof, and the same was checked out by checks drawn by him on the same and afterwards returned to him, a list of the amounts of them being attached. The plaintiffs moved to strike the pleas, on the grounds that the statute of limitations as pleaded was inapplicable; that the pleas of payment were not sufficiently definite as to how and when the money was lawfully paid out, and are bad for duplicity in that they deny notice to the bank of the trust or agency, contradicting the terms of the written evidence of deposit and stating no legal reason for going behind this evidence, and also aver notice of the pay-

ment of the money to Munnerlyn as sufficient notice to the trust estate; and that all the pleas fail to aver any legal discharge for voluntarily permitting Munnerlyn to draw, upon his own check, money collected by the bank upon his check as trustee, and credited to his account as agent.

The court overruled the motion to strike the pleas, and sustained the demurrer to the declaration; and the plaintiffs excepted.

Frank H. Miller and Lovett & Davis, for plaintiffs.

J. R. Lamar, for defendant.

Lumpkin, Justice.

1. When money is deposited in a bank, it is immaterial, so far as the bank is concerned, in what capacity the depositor holds or owns it. The obligation of the bank is simply to keep it safely and return it to the proper *person*. Therefore, when a trustee deposits money in a bank to his credit as agent, the bank would be discharged by paying it back *to the individual* who made the deposit, and in the absence of knowledge or notice to the contrary, would have the right to assume that he would appropriate the money to its proper uses and trusts. If this individual should go in person to the bank and demand the money, it cannot be doubted that the latter could, and ought to hand it to him. This being true, he could recover the money from the bank by suit, and it will make no difference that in the action brought he designates himself as trustee, nor is it of any consequence that he joins with himself therein the alleged beneficiaries of the trust. Although the latter are not necessary parties, no injury can ensue to defendant by making them actual parties to the case.

2–3. It appearing from what has already been said that the person who actually puts money in bank is entitled to have it back upon demand, and that it is im-

material how he describes himself, there can be no doubt that a check drawn by such person as agent and presented by the payee is a sufficient demand for the amount of money called for by the check, especially when the money was credited to the depositor as agent. If payment of such check be refused, the depositor may bring suit, and, as already shown, the suit may be maintained by him described as trustee.

It appears from the declaration in this case that the deposit made was a general one, and that the bank did not issue to the depositor any certificate of deposit promising a repayment of the money, or fixing any time or terms for repayment. It simply gave to the depositor written statements to the effect that his account as agent had been credited with so much money. Under these circumstances, the bank did not become liable for a repayment of the money until after demand for it by check or otherwise, and hence the statute of limitations would not commence to run in favor of the bank until after such demand and refusal to pay. We do not mean to hold that such demand could be indefinitely delayed, for under the rule laid down in the books, this might be done for such a length of time that the right to the money would become stale.

The propositions above announced are sustained, we think, by the following authorities: 2 Am. & Eng. Encycl. of Law, 101; 1 Morse on Banks & Banking, §322; Bolles on Banks & Depositors, §360, and cases cited in each.

The court below dismissed the declaration on the ground that, on its face, it appeared that plaintiffs' right of action was barred by the statute of limitations. This ruling, for the reasons above stated, was erroneous.

4. That a trustee deposits money in bank to his credit as agent is not a conversion of the fund, even though the bank knew of the existence of the trust. It has the

v 88-22

right, as already stated, to presume that the trustee will apply the money to its proper purposes under the trust. Of course, if the bank actually knew the trustee was misapplying the trust money and aided him in so doing—as, for instance, by endeavoring to appropriate such money to the payment of a debt incurred for his private benefit and due by him individually to the bank,—an entirely different question would be presented. National Bank *v.* Insurance Co., 104 U. S. 54; Union Stock Yards Bank *v.* Gillespie, 137 U. S. 411.

5. Error was assigned in the bill of exceptions upon the refusal of the court to strike defendant's pleas. The pleas are numerous, but they really set up only three defences: first, the general issue ; second, payment; and third, the statute of limitations. It was not insisted that the plea of the general issue should be stricken. The other pleas allege that all the money deposited by Munnerlyn had been paid out upon his checks and by his order and direction, and a list of the checks is given. In connection with the allegations that the money had been thus paid out, it is further asserted in the pleas that all these payments had been made more than four years before the filing of the suit, and therefore the action was barred by the statute of limitations. The pleas thus intermingled these two defences, and the motion to strike was made against them as a whole. To have granted this motion would have resulted in striking the plea of payment, which was set forth with sufficient distinctness and constituted a complete answer to the action. We have already shown that the plea of the statute of limitations, tested in the light of the plaintiffs' allegations, was not good ; but the plea of payment by the bank on Munnerlyn's checks was a valid defence. If the payment alleged therein, to the person who actually made the deposit or on his checks, is established by proof, the bank should be discharged. *City Bank of*

*Macon* v. *Kent*, 57 *Ga.* 283. This plea of payment is not vitiated because it is thus associated with the invalid plea of the statute of limitations. A bad part in pleading does not make the whole bad, but a good part makes the whole good enough to withstand a general demurrer. The court, therefore, did not err in overruling the motion to strike the defendant's pleas. See *May* v. *Jones*, this term, and cases cited (*ante*, 308). Every one of the pleas objected to contains an averment of payment to the depositor or his order, which suffices to save each one from destruction by a general motion to strike. But even if some only of the pleas are sound defences, the others, not being singled out or selected by the movant as specific objects of attack, would stand because found in good company.

The judgment is reversed because the court erred in dismissing the petition on the ground that the cause of action alleged therein was barred by the statute of limitations. *Judgment reversed.*