MUNNERLYN *et al. v.* AUGUSTA SAVINGS BANK.

1. The action not being by the beneficiaries of the trust for a breach thereof, but by the trustee himself upon the alleged contracts of deposit (and the joinder of them with him as co-plaintiffs being of no consequence), there can be no recovery if the trustee withdrew the trust money by checks or otherwise, although he may have done it for his own benefit with the knowledge of the officers of the bank, and although the bank with his consent may have received some of the funds in payment of debts owing to it from him. If the trustee misapplied any part of the money and the bank participated therein, there would be a cause of action in behalf of the beneficiaries on their equitable title, but there would be none in behalf of the trustee on the contracts of deposit. In so far, if at all, as the bank may have appropriated the trust fund without direction of the trustee and without any check or draft upon it by him individually or otherwise, there can be a recovery in this action, and the question whether the trustee had authority from the bank to draw upon his own credit together with collaterals deposited by him, and did so draw, instead of checking on the trust fund, should have been submitted to the jury. In so far as any of the fund or its proceeds went to the benefit of the trust estate, whether drawn out irregularly or not, the bank is not chargeable in this action or any other.

2. On the facts in evidence, the statute of limitations had no application to the case.

3. The admissions of the trustee, he being the plaintiff in the action,

were admissible as tending to negative his ownership of the fund in his capacity as trustee. That these admissions were contained in a plea filed in another case, did not render them inadmissible. August 29, 1894.

Complaint. Before Judge RONEY. Richmond superior court. October term, 1893.

This case was formerly before the Supreme Court. 88 *Ga.* 333. At the last trial the verdict was for the bank, and plaintiffs excepted to rulings of the court in admitting evidence, and in the charge to the jury. These are sufficiently indicated in the opinion.

FRANK H. MILLER and WILLIAM K. MILLER, for plaintiff. J. R. LAMAR, for defendant.

SIMMONS, Justice.

1. Munnerlyn, as trustee for his wife and minor son, and the two latter in their own right, sued the Augusta Savings Bank for certain money alleged to have been deposited with the bank by Munnerlyn as trustee. The bank pleaded payment to Munnerlyn on divers checks drawn by him. The action is upon the contract of deposit, and the theory of the plaintiffs is, that the bank, with full knowledge of the trust, paid Munnerlyn the money knowing that he was using it for his individual benefit, and not for the benefit of the trust estate. After a careful consideration of the case, we have come to the conclusion that if the bank paid the money to Munnerlyn or upon his order, no recovery can be had in this action. We think where a trustee makes a contract of deposit with a bank and draws out the money on his own checks, the law will not allow him to recover upon the contract. In such case there is no breach of the contract, for the bank complies with its contract when it pays out the money upon his checks or order; and this is true although the officers of the bank knew that the money was drawn out for his own use and received part of it in payment of an individual debt

due by him. If he paid a part of the money to the bank upon his individual indebtedness, with the knowledge of the officers of the bank that the money paid was a part of the trust fund, the beneficiaries might recover, not upon the contract of deposit, but upon the wrong and injury to the trust estate by the misappropriation of the trust fund. They could follow that fund upon their equitable title. The fact that they are joined with the trustee as plaintiffs in this action, is of no consequence. He is the real plaintiff, seeking to recover upon a contract which, if the money was paid to him or his order, as claimed by the defendant, was fully discharged so far as he is concerned. The *cestuis que trust* would have a cause of action upon their equitable title for any misapplication of the trust fund in which the bank participated, but there would be no cause of action on the legal title upon the contract of deposit. Whenever a trustee misapplies the trust fund and it can be traced into the hands of third parties, with notice on their part of the misapplication, the beneficiaries of the trust can sue for the fund and recover it. On this subject see Foxton *v.* Banking Company, and cases cited, 54 L. T. Rep. (New Series), 406.

The trustee in this case insists that the checks were not drawn upon this fund, but that he had made arrangements with the bank for a loan to himself individually of $10,000 and had deposited a large amount of collaterals as security therefor, and although the loan was never fully consummated, it was understood that these checks should be paid upon his individual credit. The court refused to instruct the jury upon this theory of the case. We think the court ought to have submitted this theory to the jury, and let them pass upon the question whether the checks were really drawn against the trust fund or upon the individual credit of the trustee. In so far, if at all, as the bank may have appropriated

the trust fund without direction of the trustee and without any check or draft upon it by him individually or otherwise, there can be a recovery in this action.   In so far as any of the fund or its proceeds went to the benefit of the trust estate, whether drawn out irregularly or not, the bank is not chargeable in this action or any other.

2, 3. Other questions in the case are covered by the head-notes.                    *Judgment reversed.*