### 5344.   GUTHRIE *v.* FARMERS BANK OF NASHVILLE.

A executed to a bank a promissory note to obtain a fund to be used for a particular purpose. The fund was left on deposit with the bank in the name of a third person, under a certificate of deposit which recited that the fund was to be held in trust by this third person pending a settlement of a certain suit. *Held,* that the bank was bound to honor a demand for the money, made by the person to whose credit the fund stood, and was not bound either to inquire how the fund was to be used or to follow it in order to see that it was properly applied. In

such a case the maker of the note would be liable to the bank even
though the money was withdrawn and misappropriated by the trustee.
DECIDED JANUARY 20, 1914.

Complaint; from city court of Nashville—J. J. Murray, judge
pro hac vice.   October 17, 1913.

*W. R. Smith,* for plaintiff in error.

*Hendricks & Hendricks,* contra.

POTTLE, J.   This was a suit on a promissory note.   The judge
struck all of the defendant's answer except the denial that written
notice of suit was given, and, after evidence introduced on this
issue, directed a verdict for the plaintiff.   It appeared from the
answer that the note sued on was a renewal of a note executed
July 27, 1910, to the plaintiff, at which time the plaintiff bank
gave to the defendant a paper, of which the following is a copy.
"Nashville, Ga., July 27, 1910.   This is to certify that S. F.
Guthrie has deposited in this bank to the credit of L. C. Turner,
clerk of the court, the sum of five hundred and twelve dollars and
06/100 ($512.06), to be held in trust by said L. C. Turner pending
a settlement in certain suit of S. F. Guthrie *vs.* Shaw Bros., in the
city court of Nashville, Ga.   Farmers Bank, Nashville, Ga., per
E. June Lovett, Cashier."   In the answer it was alleged that the
bank permitted this sum to be wrongfully checked out and used by
L. C. Turner, trustee, with knowledge at the time that it was being
wrongfully used by the trustee and that this was done without the
consent or authority of the defendant.   Subsequently the defendant
amended his answer by striking therefrom the averment that the
bank permitted the money to be checked out and wrongfully used
by Turner, with the knowledge at the time it was checked out and
used that it was being wrongfully checked out and used.   The an-
swer as thus amended sets up substantially that Turner, trustee,
wrongfully checked out and used the money while the suit referred
to in the certificate of deposit was still pending.   The defendant
further made the point that in directing a verdict the court erred
because the written notice of suit was not a sufficient compliance
with the statute; but as this point is not insisted upon in the brief
of counsel for the plaintiff in error, it will not be considered.

The brief of counsel for the plaintiff in error contains an
elaborate discussion of the liability of banks to depositors, both
where money is placed on general deposit and where placed on

special deposit, but the error, as it seems to us, in counsel's conten-
tion lies in the construction which he places upon the certificate
of deposit. Under his construction of this certificate the bank was
bound, before paying out the money to Turner, to see that he had
the right to withdraw the fund under the terms of the deposit;
and the effect of counsel's contention would be to require the bank
to follow the fund to see that it was rightfully applied by Turner.
The defendant appointed Turner his agent to receive and hold a
certain fund, to be applied in a certain way; that is to say, in
settlement of a certain suit which was then pending against the de-
fendant. The bank was not the agent of the defendant to complete
the settlement, and was not concerned in any way in this matter.
The bank was merely the holder of the fund standing to the credit
of L. C. Turner, to be applied by him for the benefit of the de-
fendant. The bank would not be responsible for Turner's misfeas-
ance. The relation of the bank to the fund was exactly the same as
if the defendant had deposited it in the bank to his own credit, as
trustee, or otherwise. In such a case the bank would have been
bound to pay the money on demand of the defendant, and would
not be concerned with the application to be made of the money.
*Munnerlyn* v. *Augusta Savings Bank,* 88 *Ga.* 333 (14 S. E. 554,
30 Am. St. R. 159). The deposit of the money by the defendant
to the credit of Turner was the same then, so far as the bank was
concerned, as if Turner had deposited the money himself. If Tur-
ner had deposited the money to his own credit as trustee, the bank
would have been compelled to pay it to him on demand. The plain-
tiff in error having appointed Turner his agent to apply the fund
for his benefit, the bank could not refuse to pay out the money on
Turner's demand, and was not bound to follow the fund to see
that it was properly applied. Besides, the very terms of the cer-
tificate of deposit indicate that the money was "to be held in trust
by said L. C. Turner pending a settlement in certain suit." Un-
der the terms of this deposit Turner had the right to withdraw the
fund from the bank and keep it anywhere he chose. Indeed, it
may have been necessary for him to have the actual money in order
to effectuate the very purpose for which the deposit was made, to
wit, the settlement of the pending suit. If Turner has wrongfully
applied the money, it is no concern of the bank, and the defendant
must look alone to his agent for reimbursement.

*Judgment affirmed.*