15692. FARMERS AND MERCHANTS BANK v. WILLIE, executrix.

STEPHENS, J. 1. Since any one of the coexecutors of an estate has the right to collect the assets of the estate, it follows that where a certificate of deposit is issued by a bank to coexecutors of an estate for funds belonging to the estate and deposited with the bank by one of the executors, although the bank has knowledge or is chargeable with knowledge of such fiduciary character of the funds, the bank may, in the absence of any protest from the other executor, pay the funds to the executor to whom the certificate of deposit has been delivered, upon its presentation by him and surrender to the bank. Civil Code (1910), § 3893. See, in this connection, Munnerlyn v. Augusta Savings Bank, 88 Ga. 333 (14 S. E. 554, 30 Am. St. Rep. 159); 11 R. C. L. 406; Mackay v. St. Mary's Church, 15 R. I. (1885) 121 (23 A. 108, 2 Am. St. Rep. 881).

2. The fact that the certificate of deposit which was issued in the name of the two persons who were in fact executors of the particular estate to which the funds in fact belonged described them solely as "executors" is a circumstance which may be considered by the jury as tending to

establish knowledge by the bank that the funds were trust funds, but it does not as a matter of law conclusively establish such knowledge. See, in this connection, *American National Bank* v. *Fidelity & Deposit Co.*, 129 *Ga.* 126.

3. Where the executor who withdrew the funds from the bank died, and the sole surviving executrix representing the estate brought a suit against the bank to recover as funds belonging to the estate the funds represented by the certificate of deposit, and where it did not appear conclusively and without dispute that the defendant bank knew that the funds were trust funds and participated in their conversion, if there was any, by the executor who withdrew the funds from the bank, the evidence did not as a matter of law demand a verdict for the plaintiff.

4. The verdict directed for the plaintiff not being as a matter of law demanded, the superior court erred in overruling the defendant's certiorari.

5. Whether, if the bank had knowledge that the funds represented by the certificate of deposit were trust funds, it is to be treated as having participated in a conversion when it made a loan to one of the persons named in the certificate of deposit as "executor," and took his individual note therefor and a pledge by him of the certificate of deposit as security therefor, or whether the pledge of the certificate of deposit by the executor under the circumstances was void and passed no title thereto to the bank, is not decided.

*Judgment reversed. Jenkins, P. J., concurs. Bell, J., disqualified.*

DECIDED FEBRUARY 26, 1925.

Certiorari; from Grady superior court—Judge Custer. March 19, 1924.

*Jeff A. Pope, S. P. Cain,* for plaintiff in error.
*Ira Carlisle,* contra.