FIRST NATIONAL BANK OF GAINESVILLE v. POUNDS et al.

HINES, J.  1. While as to lands purchased by a mother with funds belonging jointly to herself and her children, to which she took title in her own name, a resulting trust immediately arose in favor of the children, they can not assert ownership thereof as against a third person who, in ignorance and without notice of their secret equity, and on the faith of the mother's apparent title, makes to the mother in good faith a bona fide loan secured by a deed to the lands so held in trust. Under such circumstances the grantee in the security deed, or one holding under him, to the extent of his interest in the lands so conveyed, stands upon the same footing as a bona fide purchaser without notice of the trust; aliter, if he had such notice. Thrasher v. Partee, 37 Ga. 392; Lane v. Partee, 41 Ga. 202; Sumner v. Bryan, 54 Ga. 613 (5); Lewis v. Equitable Mortgage Co., 94 Ga. 572 (3) (21 S. E. 224); Parker v. Barnesville Savings Bank, 107 Ga. 652 (34 S. E. 365); Talley v. Mozley, 149 Ga. 529 (101 S. E. 120); Civil Code (1910), § 4531.

2. A transfer of a note secured by deed to land conveys to the transferee the benefit of the security. Civil Code (1910), § 4276; Roberts v. Mansfield, 32 Ga. 228. If such transfer did not carry the legal title to the land embraced in the security deed, it carried with it an equitable interest in the security; and a court of equity will give effect to the transferee's rights in the premises. Henry v. McAllister, 93 Ga. 667, 671 (20 S. E. 66); Van Pelt v. Hurt, 97 Ga. 660 (2) (25 S. E. 489); Shumate v. McLendon, 120 Ga. 396 (48 S. E. 10); Clark v. Havard, 122 Ga. 273 (50 S. E. 108); Carter v. Johnson, 156 Ga. 207, 211 (119 S. E. 22).

3. If one with notice sells to one without notice, the latter is protected. Civil Code (1910), § 4535. If the grantee in the security deed, with notice of the equity of the claimants in the lands therein conveyed, transferred for value the note thereby secured to another without notice of such equity and who took the same in good faith, the latter acquired at least an equitable interest in such land as a purchaser, and holds such interest free from the secret equity of the claimants and the

---

Estoppel, 21 C. J. p. 1216, p. 63; p. 1217, n. 66.
Infants, 31 C. J. p. 1005, n. 20, 26.
Judgments, 34 C. J. p. 596, n. 6.
Mortgages, 41 C. J. p. 532, n. 72; p. 533, n. 77; p. 536, n. 95; p. 672, n. 79; p. 673, n. 85; p. 693, n. 84; p. 697, n. 7.
Trusts, 39 Cyc. p. 143, n. 50; p. 374, n. 99; p. 375, n. 1; p. 377, n. 22; p. 561, n. 31; p. 636, n. 42.

implied trust set up. Civil Code (1910), § 3762. In *Planters Bank of Fort Valley* v. *Prater*, 64 *Ga.* 609, the notes were transferred by mere delivery and without indorsement. Besides, in that case, the notes were payable to order, and had not been assigned in writing by indorsement or otherwise to the holder.

4. Where the legal title to land was in the mother, and she held the possession thereof under such title, and the title and possession so remained until a creditor who gave credit on the faith that the property was the mother's, without any notice of the children's equity, reduced his debt to judgment, the lien of such judgment will bind the land and will be enforced against the secret equity of the children resulting from the fact that their money paid in part for the land. *Zimmer* v. *Dansby*, 56 *Ga.* 79; *Ford* v. *Blackshear Manufacturing Co.*, 140 *Ga.* 670 (79 S. E. 576); *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867); *Orr Shoe Co.* v. *Lee*, 159 *Ga.* 523 (3) (126 S. E. 292).

5. If children, having an equitable title to land to which deed is taken in the name of their mother, permit her to hold the property and use it in her business and commercial transactions for the purpose of obtaining credit, and a third person, without notice of the equity, extends credit to the mother on the faith that the land is hers, the children will, after the creditor has reduced his debt to judgment, be estopped from asserting title to the land as against the lien of the judgment, even though, before the lien of the judgment had attached, the mother in recognition of their equity had conveyed the land to the children. *Ford* v. *Blackshear Manufacturing Co.*, supra. Much more will the children be estopped as the mother had not, in recognition of their equity, conveyed the land to them before the rendition of the judgment in favor of the creditor.

6. The minority of the claimants would not render inapplicable to them the rulings made in the first four headnotes; but the minority of any of the children might render inapplicable to them the principle announced in the fifth headnote.

7. Applying the above rulings, the court erred in instructing the jury that if they believed that before or at the time the loan was obtained from the Bank of Gillsville the bank had notice, through its officers or agents, that the claimants' money, obtained from insurance upon their father's life and from the settlement with the railroad company for damages on account of his death, was invested in this land, it would be their duty to find in favor of the claimants five sixths of this land; and under such rulings and the evidence in the case the verdict in favor of the claimants was contrary to law.

*Judgment reversed. All the Justices concur.*

*A. C. Wheeler,* for plaintiff.

*Horace & Frank Holden, S. R. Jolly,* and *J. B. G. Logan,* for defendants.