Ambros Haase et al., Appellants, v. Frank P. Danisch et al., Appellees.

Gen. No. 35,282.

Heard in the third division of this court for the first district at the June term, 1931. Opinion filed November 16, 1932. Rehearing denied December 1, 1932.

GALLAGHER & McDEVITT and SHULMAN, SHULMAN & ABRAMS, for appellants; VINCENT C. GALLAGHER and MEYER ABRAMS, of counsel.

GUSTAV E. BEERLY, for appellee Empire Trust & Savings Bank.

FOLLANSBEE, SHOREY & SCHUPP, for appellee Suburban Trust & Savings Bank; CLYDE E. SHOREY, of counsel.

MR. JUSTICE HALL delivered the opinion of the court.

This is an appeal by the complainants from a decree of the superior court of Cook county, dismissing a bill for want of equity, filed by complainants, Ambros Haase and Konstancia Haase, brought against Frank P. Danisch, Suburban Trust and Savings Bank, Garfield State Bank and Empire Trust and Savings Bank, as to Suburban Trust and Savings Bank, Garfield State Bank and Empire Trust and Savings Bank, wherein complainants seek the cancellation of a declaration of trust, in which Danisch was trustee, to discover the trust funds alleged to have been fraudulently converted by him and to follow the funds in the hands of the several banks, and to impress a lien thereon in favor of complainants.

On the 18th day of February, A. D. 1929, complainants, Ambros Haase and Konstancia Haase, executed what is referred to as a "Declaration of Trust" by which they conveyed to one Frank P. Danisch for the consideration of $1, certain trust deeds on real estate given to secure certain promissory notes, "to hold, control, and manage the said personal property, to sell same, and to invest the proceeds and to reinvest same, and to control and receive the issues, income, interest, profits, dividends, or any other income therefrom, and after paying all proper charges and expenses arising from time to time, including the legal fees allowed trustees under the law of the State of Illinois, to pay over the moneys in his possession as such trustee, less the charges and expenses aforesaid, as hereinafter provided." Among other provisions contained in such document is the following: "The grantors hereby reserve the right to receive all income from the said personal property during their lifetime, and also the right to revoke this trust upon giving the said trustee a reasonable notice thereof."

On February 26, 1929, Danisch sold and delivered to the Suburban Trust and Savings Bank at a discount

of 1 per cent certain of the trust deeds mentioned in the trust agreement, and received therefor its cashier's check for $9,175.81, payable to the order of "Trustee for Ambros Haase and Konstancia Haase, Husband and Wife, under Trust Agreement dated February 18, 1929." At the time Danisch received this check, he had an open account with the Empire Trust and Savings Bank in his individual name. After receiving the cashier's check from the Suburban Trust and Savings Bank, Danisch indorsed it as follows: "Mr. Frank P. Danisch, Trustee for Ambros Haase and Konstancia Haase, Husband and Wife, under Trust Agreement dated February 18, 1929"; he also indorsed it "Frank P. Danisch." Upon presentation of this check to the Empire Trust and Savings Bank, the bank paid to Danisch $2,000 in cash and credited his individual account with $7,175.81, making his balance on that date $9,183.06. At this time, Danisch was personally indebted to the Empire Trust and Savings Bank. On the 2nd day of March, 1929, this indebtedness amounted to $5,094.60, secured by collateral,—a trust deed and notes aggregating $12,333.66. Out of the funds then in the account of Danisch, on March 2, 1929, the Empire Trust and Savings Bank, at the direction of Danisch, charged him with the sum of $5,094.60, the amount of his indebtedness, and returned to him his collateral held on account of this loan.

The check of the Suburban Trust and Savings Bank for $9,175.81 was paid to the Empire Trust and Savings Bank through the Chicago Clearing House.

On February 18, 1929, Ambros Haase and Konstancia Haase directed a letter to the defendants, Garfield State Bank, as follows:

"The undersigned, holders of first mortgage on premises at 308 S. Kostner Avenue, for $5,000, hereby authorize Frank P. Danisch as their attorney to collect all interest on same when due, and to sell said

mortgage to any person or persons or to your bank
at the usual discount.''

On the 18th day of March, 1929, this letter was
presented to the Garfield State Bank by Danisch, and
Danisch sold and delivered the above mentioned mort-
gage to the Garfield State Bank at a discount of 1
per cent, receiving therefor two checks signed by L. E.
Woodruff, Cashier, payable to ''Frank P. Danisch,
Atty.,'' the checks being dated March 18, 1929, one for
the sum of $400 and one for the sum of $4,551.67. The
check for $4,551.67, indorsed ''Frank P. Danisch, Atty.,
and Frank P. Danisch'' was deposited to Danisch's ac-
count with the Empire Trust and Savings Bank, and
the check for $400 was cashed for him by the bank-
ing firm of Hatterman & Glanz. Neither of the
amounts received by Danisch on the last mentioned
checks was paid to complainants, except one payment
of interest. None of the funds referred to was ever
paid to Ambros Haase or Konstancia Haase, other
than those mentioned.

In his report, the master found that neither the
Suburban Trust and Savings Bank nor the Garfield
State Bank was in any way liable or responsible for
the misapplication of funds derived by Danisch from
these checks, but found that the Empire Trust and
Savings Bank was liable for the amount paid to it on
account of the indebtedness owed by Danisch to this
bank, to wit: $5,094.60. Exceptions were filed to the
master's report, and on a hearing before the court, the
court overruled the master in so far as the master held
that the Empire Trust and Savings Bank was liable,
and dismissed the bill as to all of the banks for want
of equity. There was nothing in the character of the
indorsement on the check received from the Garfield
State Bank, even though it had the word ''Atty.''
after the name, which would tend to put the Empire
Trust and Savings Bank on notice as to the character

of the check, but this cannot be said of the check received from the Suburban Trust and Savings Bank. The Empire Trust and Savings Bank was clearly advised that these latter funds were in the hands of Danisch as trustee under the terms of the trust agreement hereinbefore referred to. This bank received these funds with full notice of the fiduciary character by which Danisch held them.

According to the record, at the time the Suburban Trust and Savings Bank check was deposited, the Empire Trust and Savings Bank paid Danisch $2,000 in cash and very shortly thereafter saw to it that its own debt was paid out of those funds. To put it mildly, the officials of this bank who had to do with this transaction, after being fully advised by the indorsement on the check of the manner in which the funds were held, participated in the misappropriation of these funds by Danisch.

In *Massachusetts Bonding and Insurance Co. v. Standard Trust and Savings Bank,* 334 Ill. 494, the Supreme Court of this State said:

"The settled rule is, that if a depositor seeks to pay his own debt to the bank by an appropriation of the funds to his credit in a fiduciary capacity, the bank is affected with knowledge of the unlawful character of the appropriation and will be compelled to refund. (*Fifth National Bank v. Village of Hyde Park,* 101 Ill. 595; Morse on Banks and Banking.) The reason for the rule is that the bank has knowledge that the check is in payment of the trustee's private debt. The bank officials may be said to have knowledge of the character of a transaction when a reasonably intelligent person would have such knowledge. It makes no difference how plaintiff in error obtained that knowledge if the evidence shows, as in this case, that the checks were an unlawful appropriation of the trust funds. When plaintiff in error permitted checks to be drawn

on that account payable to itself and applied the same in payment of Joyner's indebtedness due it, it was participating in and aiding Joyner in committing a breach of trust and was responsible therefor. *State Nat. Bank v. Reilly,* 124 Ill. 464; 3 Pomeroy's Eq. Jur. Sec. 1079; *Duckett v. National Mechanics Bank,* 86 Md. 400, 38 Atl. 983; *Allen v. Puritan Trust Co.,* 211 Mass. 409, 97 N. E. 916; *Munnerlyn v. Bank,* 88 Ga. 333, 14 S. E. 554; *Board of Chosen Freeholders v. Newark City Bank,* 48 N. J. Eq. 51, 21 Atl. 185; 1 Morse on Banks and Banking, sec. 317; *Swift v. Williams,* 68 Md. 237, 11 Atl. 835.''

Section 1079, Volume 3, Pomeroy's Equity Jurisprudence, reads as follows:

''It might be supposed that the term 'breach of trust' was confined to willful and fraudulent acts which have a *quasi* criminal character, even if they have not been made actual crimes by statute. The term has, however, a broader and more technical meaning. It is well settled that every violation by a trustee of a duty which equity lays upon him, whether willful and fraudulent, or done through negligence, or arising through mere oversight or forgetfulness, is a breach of trust. The term therefore includes every omission or commission which violates in any manner either of the three great obligations already described: of carrying out the trust according to its terms, of care and diligence in protecting and investing the trust property, and of using perfect good faith. This broad conception of breach of trust, and the liabilities created thereby, are not confined to trustees regularly and legally appointed; they extend to all persons who are acting trustees, or who intermeddle with trust property. In order that a trustee may be personally liable for a breach of trust, he must be *sui juris.*''

This court is, therefore, of the opinion that the superior court of Cook county was in error in its

decree in overruling the complainants' exceptions to the master's report, and in sustaining the exceptions of the defendant, Empire Trust and Savings Bank, to the master's report, and holds that the Empire Trust and Savings Bank is liable to account to said complainants for the entire amount of the deposit made by Danisch on February 28, 1929, in the sum of $9,175.81. It is, therefore, ordered that this cause be reversed and remanded and that the superior court enter a decree in accordance with this opinion, to wit: that a money decree be entered against Frank P. Danisch for the sum of $15,958.51, the amount found to be due by Danisch to complainants, with interest from April 23, 1931, and that a money judgment be entered against the Empire Trust and Savings Bank for the sum of $9,175.81 with interest from February 26, 1929. In all other respects, the decree of the superior court is affirmed.

*Affirmed in part, reversed in part, and remanded with directions.*

WILSON, P. J., and HEBEL, J., concur.