### 26940. UNITED STATES FIDELITY AND GUARANTY COMPANY *v.* GRIMSLEY *et al.*

402

DECIDED SEPTEMBER 21, 1938.

*R. R. Jones*, for plaintiff.

*Lowrey Stone, E. R. King, Orabel Rabon*, for defendants.

GUERRY, J. The plaintiff's petition makes substantially the following case against W. G. Grimsley, Frank A. Graham, and W. E. Baker: During the years 1933 and 1934 Baker became guardian for each of his three minor children, executing a separate bond as to each, upon each of which the plaintiff was surety. Grimsley and Graham, during the years 1934, 1935, and 1936, operated a private and unincorporated banking business under the name and style of "Ft. Gaines Banking Co." On Nov. 2, 1936, Evelyn M. Baker qualified as successor to Baker, and upon an accounting with his successor he was short in his accounts as guardian for the three children, in the sum of $4500. The plaintiff duly paid this shortage as surety on Baker's bonds. Of this amount paid out the sum of $2352.74 has been paid by Baker, leaving a balance of $2147.26. Between August 19, 1934, and the date of the qualification of his successor, Baker deposited various checks in the private bank of Grimsley and Graham, payable to him as guardian and so indorsed, which were credited by the bank, by and with the knowledge and consent of Baker, to his individual account, and paid out by the bank upon checks drawn thereon by Baker individually. Plaintiff is unable to give a detailed list of all checks payable to Baker as guardian, and received by the bank and credited to his individual account, but alleges that such information is peculiarly within the knowledge of the defendants. Grimsley and Graham had full knowledge of the fact that Baker was guardian for his minor children, and knew that the checks payable to him as guardian were the property of said wards. It is charged that Grimsley and Graham thus aided and assisted Baker in misapplying the assets belonging to the wards; all of which contributed to the loss sustained by the plaintiff. To the case thus made the judge sustained a general demurrer and dismissed the action as to Grimsley and Graham. The correctness of this judgment is here presented for review.

Express authority against the case thus made is the Code, § 13-2042, which provides as follows: "Whenever any agent, administrator, executor, guardian, trustee, either express or implied, or other fiduciary whether bona fide or mala fide shall deposit any money in any bank to his credit as an individual, or as such agent, trustee, or other fiduciary, whether the name of the person or corporation for whom he is acting or purporting to act be given or not, such bank shall be authorized to pay the amount of such deposit, or any part thereof, upon the check of such agent, administrator, executor, guardian, trustee, or other fiduciary, signed with the name in which such deposit was entered, without being accountable in any way to the principal, cestui que trust, or other person or corporation who may be entitled to or interested in the amount so deposited. Nothing herein contained shall prevent the person or corporation claiming the beneficial interest in or to any deposit in any bank from resorting to the courts to subject such deposit, provided such action is brought and served before such deposit is paid out; and to any action brought for this purpose both the bank and the depositor shall be necessary parties defendant." This section is expressly made applicable to private banks by the Code, § 13-201. See *Munnerlyn* v. *Augusta Savings Bank*, 88 *Ga.* 333 (14 S. E. 554, 30 Am. St. R. 159); *American Trust & Banking Co.* v. *Boone*, 102 *Ga.* 202 (29 S. E. 182, 40 L. R. A. 250, 66 Am. St. R. 167).

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*