TATTNALL BANK *v.* HARVEY.

No. 12300. SEPTEMBER 24, 1938.

*J. V. Kelley* and *C. L. Cowart,* for plaintiff in error.

*P. M. Anderson,* contra.

JENKINS, Justice. 1. While it is the rule that a bona fide purchaser of property in which trust funds have been invested is protected (*Thrasher* v. *Partee,* 37 *Ga.* 392; *Lane* v. *Partee,* 41 *Ga.* 202, 207; *McNamara* v. *McNamara,* 62 *Ga.* 200 (5), 208; *First National Bank* v. *Pounds,* 163 *Ga.* 551 (136 S. E. 528); Code, §§ 37-111, 37-213), the beneficiary of a trust estate may at his option, within a reasonable time, "affirm or reject an unauthorized investment by the trustee" (Code, § 108-424), and equity will aid the beneficiary in recovering the funds or property, or enforcing a lien for the wrongfully used funds, provided that the assets can be traced and remain in the hands of a person "affected with notice of the misapplication." Code, § 108-425; *Miller* v. *Gibbs,* 161 *Ga.* 698, 708 (132 S. E. 626); *Hardy* v. *Hardy,* 149 *Ga.* 371 (100 S. E. 101); *Ga. R. Co.* v. *Liberty National Bank,* 180 *Ga.* 4 (4-*c, d, f*)

(177 S. E. 803); *Planters Bank* v. *Prater*, 64 *Ga.* 609; *Carter* v. *Lipsey*, 70 *Ga.* 417. Where the absolute title is apparently in a vendor or mortgagor, the vendee or mortgagee is protected, unless the one seeking to set up a lien or trust against the property can show that the vendee or mortgagee had notice of trust funds having gone into the property. The mere fact that he might have had some knowledge of a mingling by his vendor of trust funds with his own is not sufficient to charge the vendee with notice that trust funds had been diverted in the purchase of a particular piece of land. *Hathorn* v. *Maynard*, 65 *Ga.* 168, 172. See also *Williams* v. *Smith*, 128 *Ga.* 306 (57 S. E. 801).

2. While it is the rule that "if a bank has notice or knowledge that a breach of trust is being committed by the improper withdrawal of funds, it incurs liability, becomes responsible for the wrong done, and may be made to replace the funds which it has been instrumental in diverting" (*American National Bank* v. *Fidelity Co.*, 129 *Ga.* 126, 129, 58 S. E. 867, 12 Ann. Cas. 666), it is the general rule that every person is presumed to have the intention of discharging whatever duty the law may cast upon him (*Truluck* v. *Peeples*, 1 *Ga.* 3, 5), and that a trustee will faithfully administer the trust. *American Trust & Banking Co.* v. *Boone*, 102 *Ga.* 202, 204 (79 S. E. 182, 40 L. R. A. 250, 66 Am. St. R. 167); *Munnerlyn* v. *Augusta Bank*, 88 *Ga.* 333 (4, 5), 237 (14 S. E. 554, 30 Am. St. R. 159), s. c. 94 *Ga.* 356, 358 (21 S. E. 575). This constitutes the underlying principle of the statute (Code, § 13-2042), which is as follows: "Whenever any agent, . . guardian, trustee, either express or implied, or other fiduciary whether bona fide or mala fide shall deposit any money in any bank to his credit as an individual, or as such agent, trustee, or other fiduciary, whether the name of the person or corporation for whom he is acting or purporting to act be given or not, such bank shall be authorized to pay the amount of such deposit or any part thereof, upon the check of such agent, . . trustee, or other fiduciary, signed with the name in which such deposit was entered, without being accountable in any way to the principal, cestui que trust, or other person or corporation who may be entitled to or interested in the amount so deposited." In accordance with the general principle thus given expression, and in view of the multitudinous transactions in the ordinary daily course of banking, such insti-

tutions are not to be hampered and the conduct of their business, in which the public has a vital interest, clogged and slackened by unreasonable restrictions and overburdens. Therefore it is the rule, supported by the overwhelming weight of authority, that the mere fact that a fiduciary deposits in a bank to his individual account a check drawn by him in his fiduciary capacity, or transfers funds by a check from an account in the bank in his name as a fiduciary to his personal account in the bank, will not of itself charge the bank with knowledge or notice that he is misappropriating or will misappropriate such funds. New Amsterdam Casualty Co. v. Robertson, 122 Or. 663 (278 Pac. 963, 64 A. L. R. 1396, 1404, and cit.) ; White-Dulany Co. v. Craigmont State Bank, 48 Idaho, 100 (279 Pac. 621) ; Empire Trust Co. v. Cahan, 274 U. S. 473 (47 Sup. Ct. 661, 71 L. ed. 1158, 57 A. L. R. 921, 925) ; Whiting v. Hudson Trust Co., 234 N. Y. 394, 406 (138 N. E. 33, 25 A. L. R. 1470) ; Bischoff v. Yorkville Bank, 218 N. Y. 106 (112 N. E. 759, L. R. A. 1916F, 1059), and cit.; 7 Am. Jur. 376, § 522, and cit.; 9 C. J. 610, § 294, and cit.; L. R. A. 1915C, 528, notes.

3. In this suit by a ward to enjoin a bank from enforcing its deed to secure debt, executed to the bank by her guardian as an individual, and to impress a trust on the land to the extent of her money used by the guardian as part payment of the purchase-price, the court erred in granting an injunction against the bank, since, under the preceding rules and the evidence, a finding in its favor was demanded. The mere fact that it appears from the testimony of the guardian that he had transferred certain money, deposited in the bank in his name as "guardian for minor children," to his individual account in the bank, with the statement to the bank's cashier that he intended to invest such money "in land, but did not tell him what land," or in whose name the investment was to be made, and that the guardian soon afterwards drew a check on his individual account, necessarily including the greater part of the transferred fund in part payment of the purchase-price of land the title to which was taken in his own name, but where it was not made to appear that the bank was informed or was made aware of the purpose for which such check was drawn, or, if for a purchase, for whose benefit it was made, or in whose name the title would be taken, would not be sufficient to charge the bank with guilty knowledge of such misapplication. Accordingly, where, eight

years after these transactions, the person who was guardian executed to the bank a lien on the land, the bank was not chargeable with notice that the transfer of trust funds and their subsequent withdrawal, as above set forth, were made for the purpose of purchasing the land in question, as against the positive testimony for the bank that it acted in entire good faith and without knowledge or notice.    *Judgment reversed.   All the Justices concur.*