CITIZENS BANK OF FORSYTH *v.* MIDDLEBROOKS, administrator, *et al.*

No. 17922. ARGUED JULY 14, 1952—DECIDED SEPTEMBER 2, 1952.

*Williams & Freeman,* for plaintiff in error.

*Hall & Bloch, Joseph W. Popper* and *Jones, Sparks, Benton & Cork,* contra.

HEAD, Justice. "Whenever a person shall be possessed of property or funds, or owe a debt or duty, to which more than one person shall lay claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." Code, § 37-1503. The sole question for determination in the present case is whether or not the bank would have been authorized to pay the check drawn by the administrator, and would have been fully protected under the law in doing so.

The defendant alleges that it is a mere stakeholder, and desires to pay the fund to the rightful owner. "A stakeholder is not entitled to protection by a court of equity to the extent of being saved from all shadow of risk; and so where he is in possession of all the facts and there is no question of law which is reasonably debatable, his petition for interpleader should be denied." *Lassiter* v. *Bank of Dawson*, 191 *Ga.* 208, 221 (11 S. E. 2d, 910), and cases cited. Under our statutory law and the decisions of this court, the petition for interpleader by the defendant fails to show any "question of law which is reasonably debatable" when applied to the facts alleged.

In *Tattnall Bank* v. *Harvey*, 186 *Ga.* 752, 753 (198 S. E. 724), it is said in part: "While it is the rule that 'if a bank has notice or knowledge that a breach of trust is being committed by the improper withdrawal of funds, it incurs liability, becomes responsible for the wrong done, and may be made to replace the funds which it has been instrumental in diverting' (*American National Bank* v. *Fidelity Co.*, 129 *Ga.* 126, 129, 58 S. E. 867, 12 Ann. Cas. 666), it is the general rule that every person is presumed to have the intention of discharging whatever duty the law may cast upon him (*Truluck* v. *Peeples*, 1 *Ga.* 3, 5), and that a trustee will faithfully administer the trust. *American Trust & Banking Co.* v. *Boone*, 102 *Ga.* 202, 204 (79 S. E. 182, 40 L. R. A. 250, 66 Am. St. R. 167); *Munnerlyn* v. *Augusta Bank*, 88 *Ga.* 333 (4, 5), 337 (14 S. E. 554, 30 Am. St. R. 159); s.c. 94 *Ga.* 356, 358 (21 S. E. 575). This constitutes the underlying principle of the statute (Code, § 13-2042), which is' as follows: 'Whenever any agent, . . guardian, trustee, either express or implied, or other fiduciary whether bona fide or mala fide shall deposit any money in any bank to his credit as an individual, or as such agent, trustee, or other fiduciary, whether the name of the person or corporation for whom he is acting or purporting to act be given or not, such bank shall be authorized to pay the amount of such deposit or any part thereof, upon the check of such agent, . . trustee, or other fiduciary, signed with the name in which such deposit was entered, without being accountable in any way to the principal, cestui que trust, or other person or corporation who may be entitled to or interested in the amount so deposited.' In ac-

cordance with the general principle thus given expression, and in view of the multitudinous transactions in the ordinary daily course of banking, such institutions are not to be hampered and the conduct of their business, in which the public has a vital interest, clogged and slackened by unreasonable restrictions and overburdens. Therefore it is the rule, supported by the overwhelming weight of authority, that the mere fact that a fiduciary deposits in a bank to his individual account a check drawn by him in his fiduciary capacity, or transfers funds by a check from an account in the bank in his name as a fiduciary to his personal account in the bank, will not of itself charge the bank with knowledge or notice that he is misappropriating or will misappropriate such funds." See also *Munnerlyn* v. *Augusta Savings Bank*, 88 *Ga.* 333 (14 S. E. 554, 30 Am. St. R. 159); *American National Bank* v. *Fidelity & Deposit Co.*, 129 *Ga.* 126, 129 (58 S. E. 867); *Bank of Sharon* v. *Powell*, 30 *Ga. App.* 235, 236 (117 S. E. 264); *Farmers & Merchants Bank* v. *Willie*, 33 *Ga. App.* 520 (126 S. E. 899).

The trial judge in a most thorough and complete opinion arrived at the conclusion that the petition for interpleader could not be sustained. No error is shown in this judgment of the trial court.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., and Almand, J., not participating.*