THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
United of Omaha Life Insurance Company,       
Respondent,
 
 
 

v.

 
 
 
Elaine Helms and Linda R. Cowart,       
Defendants,
Of Whom Elaine Helms is       
Respondent,
and Linda R. Cowart is the       
Appellant.
 
 
 

Appeal From Horry County
John L. Breeden, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2005-UP-098
Submitted February 1, 2005  Filed February 
 10, 2005

AFFIRMED

 
 
 
E. Windell McCrackin, of Myrtle Beach, for Appellant.
Elaine Helms, of Lancaster, and Susan P. MacDonald, of Myrtle 
 Beach, for Respondent.
 
 
 

PER CURIAM:  In an action for life insurance 
 proceeds, Linda Cowart (Cowart) appeals the trial courts grant of 
 interpleader and summary judgment in favor of United of Omaha Life Insurance 
 Company (United of Omaha) and its denial of Cowarts summary judgment motion.  
 We affirm. [1]    
FACTS
In 1999, United of Omaha issued a life 
 insurance policy in the amount of $30,000 on behalf of William B. Cowart.  According 
 to the policy terms, the owner of the policy is (a) the Insured or, (b) the 
 applicant if a person other than the Insured applied for this policy, or (c) 
 the assignee of record in the case of an assignment of ownership.  On the application 
 for the policy, Cowart, Williams wife, is listed as the primary beneficiary, 
 and the word owner is handwritten next to her name. 
 [2]   Other than this handwritten notation, no evidence suggests William 
 ever assigned ownership of the policy.  
After William became ill in November 2001, Cowart 
 moved out of the marital home and William moved in with his sister, Elaine Helms.  
 Thereafter, William submitted a change of beneficiary form to United of Omaha 
 and designated Helms as the primary beneficiary.  United of Omaha in turn issued 
 a beneficiary endorsement effective January 5, 2002.  
After William died on 
 March 24, 2002, both Cowart and Helms submitted claims for the proceeds of the 
 policy.  In April 2002, Cowart made a written request to United of Omaha, asking 
 it not to pay the proceeds until a court could determine the matter.  Because 
 United of Omaha could only pay one beneficiary, it filed an interpleader action, 
 pursuant to Rule 22, SCRCP.  Cowart answered and counterclaimed against United 
 of Omaha, alleging breach of contract and bad faith for failure to pay the proceeds 
 to her.  Cowart also cross-claimed against Helms, alleging undue influence.   

Cowart filed a motion for summary judgment 
 as to her counterclaims.  United of Omaha moved to deposit the funds with the 
 clerk of court, to be dismissed from the case, and to dismiss Cowarts counterclaims.  
 The court denied Cowarts motion for summary judgment.  The court determined 
 that United of Omaha was entitled to deposit the policy proceeds with the clerk 
 of court and to be relieved from liability pursuant to Rule 22, SCRCP.  The 
 court further found that United of Omaha was entitled to summary judgment as 
 to Cowarts breach of contract and bad faith counterclaims.  Cowart appeals.
LAW/ANALYSIS
I.          Interpleader
Cowart argues the trial court 
 erred in granting interpleader to United of Omaha because United of Omaha was 
 not a neutral stakeholder.  We disagree.
In an appeal from a grant of 
 interpleader, this court examines whether the evidence before the trial court 
 was sufficient to support its grant of interpleader.  First Union Natl Bank 
 of South Carolina v. FCVS Communications, 321 S.C. 496, 499, 469 S.E.2d 
 613, 616 (Ct. App. 1997), revd in part, 328 S.C. 290, 494 S.E.2d 429 
 (1997) (dismissing as moot the writ of certiorari as to interpleader).  When 
 claims are such that a plaintiff is or may be exposed to double or multiple 
 liability, the claimaints may be joined as defendants and required to interplead.  
 Rule 22(a), SCRCP.  The historical and still the primary purpose of interpleader 
 is to enable a neutral stakeholder, usually an insurance company or a bank, 
 to shield itself from liability for paying over the stake to the wrong party.  
 FCVS Communications, 321 S.C. at 499, 469 S.E.2d at 616 (quoting Indianapolis 
 Colts v. Mayor of Baltimore, 733 F.2d 484, 486 (7th Cir. 1984)).  Only the 
 potential for multiple claims is needed.  Id. at 499, 469 S.E.2d at 616.
In FCVS Communications, 
 First Union National Bank held the account for the partnership FCVS Communications.  
 When it became unclear who had the authority to transact business on the account, 
 the bank filed an interpleader action against the partnership and individual 
 partners in order to clarify the competing claims.  This court upheld the trial 
 courts grant of interpleader in light of the conflicting claims to the funds.  
 FCVS Communications, 321 S.C. at 501, 469 S.E.2d at 617.  
Cowart argues that, unlike the 
 bank in FCVS Communications, United of Omaha is not a neutral stakeholder 
 because it is trying to shield itself from liability due to its actions in changing 
 the beneficiary.  Thus, she argues, its actions do not fit within the purpose 
 of Rule 22, SCRCP. 
We find that United of Omaha, 
 like the bank in FCVS Communications, faced competing claims to the insurance 
 proceeds, thus exposing itself to double liability.  Here, both claims are arguably 
 valid.  This alone justifies an action for interpleader.  Rule 22(a), SCRCP 
 (Persons having claims against the plaintiff may be joined as defendants and 
 required to interplead when their claims are such that the plaintiff is or may 
 be exposed to double or multiple liability.).  Further, we conclude there is 
 no evidence that United of Omaha was not a neutral stakeholder.  United of 
 Omaha sought to pay the proceeds due under the policy, despite Cowarts allegation 
 that United of Omaha inappropriately changed the beneficiary in this case.  
 Whether or not the beneficiary was appropriately changed has no effect on United 
 of Omahas duty to pay; it merely affects to whom the proceeds are paid.  Thus, 
 United of Omaha was sufficiently neutral. 
To further support her argument, 
 Cowart cites to Citizens Bank of Forsyth v. Middlebrooks, 72 S.E.2d 298 
 (Ga. 1952), in which the Georgia Supreme Court denied an institutions action 
 for interpleader.  The Middlebrooks court found that a stakeholder was 
 not entitled to interpleader because the stakeholder was in possession of all 
 the facts and there was no reasonably debatable question of law.  Id. 
 at 332.  This case is not helpful to Cowart, however, because here, the question 
 of the owner of the policy as well as the appropriate beneficiary is indeed 
 a question of law that is reasonably debatable.  Thus, even pursuant to Middlebrooks, 
 the grant of interpleader in the present case was appropriate.
Because the evidence presented 
 to the trial court was sufficient to demonstrate United of Omaha was exposed 
 to multiple liability consistent with Rule 22, SCRCP, and South Carolina case 
 law, we find no error in its decision to grant interpleader.
 II.              
Grant of Summary Judgment as to Cowarts Counterclaims 
 
Cowart argues the trial court 
 erred in granting summary judgment in favor of United of Omaha on her bad faith 
 and breach of contract claims because United of Omahas motion was made under 
 Rules 12 and 22, SCRCP.  She argues the trial court was precluded from granting 
 a motion for summary judgment because she was never given notice.  We disagree.
In reviewing the grant of a 
 summary judgment motion, the appellate court applies the same standard that 
 governs the trial court under Rule 56, SCRCP.  Nexsen v. Haddock, 353 
 S.C. 74, 77, 576 S.E.2d 183, 185 (Ct. App. 2002).  Summary judgment is appropriate 
 when no genuine issue of material fact exists and the moving party is entitled 
 to a judgment as a matter of law.  Id.  In ruling on a motion for summary 
 judgment, the evidence and the inferences that can be drawn therefrom should 
 be viewed in the light most favorable to the non-moving party.  George v. 
 Fabri, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001).  
If a court considers matters 
 outside the pleadings when deciding on a motion to dismiss, the motion will 
 be treated as one for summary judgment pursuant to Rule 56, SCRCP, provided 
 the parties are given the requisite notice and opportunity to present outside 
 materials pertinent to a Rule 56, SCRCP, motion.  Rule 12(b)(6), SCRCP; Johnson 
 v. Dailey, 318 S.C. 318, 321, 457 S.E.2d 613, 615 (1995).  
In its December 16, 2002 reply 
 to Cowarts counterclaims, United of Omaha moved to dismiss the counterclaims 
 generally pursuant to Rules 12 and 22, SCRCP.  On the same date, United of Omaha 
 filed a motion to be relieved from liability and moved to have the bad faith 
 counterclaim dismissed pursuant to Rule 12, SCRCP.  Nearly a year later, in 
 November 2003, Cowart filed a separate motion for summary judgment as to her 
 counterclaims, she submitted an affidavit, and a hearing was held on all the 
 motions.  United of Omaha filed the November 11, 2003 affidavit of Tom Groves, 
 with supporting exhibits, prior to the hearing, and it was submitted to the 
 trial court without objection.  
Cowart claims that 
 she did not have the requisite notice that the trial court intended to transform 
 United of Omahas motions to dismiss into motions for summary judgment until 
 she received the courts order.  Although notice pursuant to Rule 56, SCRCP, 
 must be given when a trial court converts a motion to dismiss into one for summary 
 judgment, Cowart did not move before the trial court for reconsideration based 
 upon her lack of notice.  Because she did not complain about the conversion 
 and the lack of notice to the trial court, thus denying the court the opportunity 
 to rule upon the matter, her issue is not preserved for our review.  See 
 Staubes v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 
 (2000) (holding that matters not raised to and ruled upon by the trial court 
 are not preserved for appellate review); In re Estate of Timmerman, 331 
 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) (holding that when a party 
 receives an order granting certain relief not previously contemplated or presented 
 to the trial court, the aggrieved party must move pursuant to Rule 59(e), SCRCP, 
 to alter or amend the judgment in order to preserve the issue for appellate 
 review).  Further, Cowart was not caught by surprise at the hearing because 
 she was able to present outside materials at the hearing in support of her own 
 motion for summary judgment.  
Because Cowart failed to complain 
 to the trial court that conversion was improper and she was nevertheless able 
 to present her own materials, this issue has no merit. 
 [3] 
CONCLUSION
The trial court did 
 not err in granting United of Omahas motion for interpleader.  Cowarts issue 
 regarding the conversion of the motion to dismiss into one for summary judgment 
 is not preserved for appellate review.  Further, the denial of Cowarts motion 
 for summary judgment is not appealable.  Accordingly, the order of the trial 
 court is
 AFFIRMED.
ANDERSON, BEATTY, and SHORT, JJ., concur.

 
 
 [1] Because oral argument would not aid the court in resolving the issues 
 on appeal, we decide this case without oral argument pursuant to Rule 215, 
 SCACR.  

 
 
 [2] The policy itself refers to the application or endorsement for beneficiary 
 information.  

 
 
 [3] Cowart also argues that the trial court erred in denying her motion 
 for summary judgment as to her contract counterclaim.  It is well-settled 
 that the denial of a motion for summary judgment is not appealable.  Olson 
 v. Faculty House of Carolina, Inc., 354 S.C. 161, 168, 580 S.E.2d 440, 
 444 (2003).  Thus, we decline to address Cowarts argument on this issue.