### HARRELL *v.* DAVIS.

LITTLE, J. 1. Where an action was brought against a person, alleging an indebtedness by him to the plaintiff, as the executor of the will of a named person, and also as trustee for the petitioner, the petition was demurrable. When, however, no demurrer was filed, it was too late when the case was in order for trial to have the same dismissed on motion because there was a misjoinder of parties and because defendant was not put upon notice in what capacity to defend. *Bishop* v. *Woodward*, 103 *Ga.* 281.

2. A written acknowledgment of an existing liability is the equivalent of a new promise to pay, and constitutes a new point from which the statute of limitations begins to run. Even if the effect of the charge of which complaint was made was to withdraw from the jury consideration of a plea of the statute of limitations, the giving of such charge will not be cause for a new trial, when it plainly appears from the evidence that the statute of limitations could not successfully have been urged as a bar to the action.

3. Even if the evidence objected to was improperly admitted, a new trial should not be granted, for the reason that the evidence in question was immaterial and could not have affected the verdict. The charge alleged to be the intimation of an opinion on the evidence by the presiding judge was not amenable to this objection. There was no merit in the ground of the motion relating to newly discovered evidence, and the verdict was warranted by the evidence as it appears in the record.

4. This writ of error being manifestly without merit, damages are awarded against the plaintiff in error for bringing this case here for delay.

   *Judgment affirmed, with damages.  All the Justices concurring.*

Argued May 13, — Decided July 20, 1899.

Complaint. Before Judge Spence. Pulaski superior court. August term, 1898.

*J. B. Mitchell, L. C. Ryan,* and *J. H. Martin,* for plaintiff in error.  *W. L. & Warren Grice,* contra.