## SAVANNAH ICE DELIVERY COMPANY *v.* AMERICAN REFRIGERATOR TRANSIT COMPANY.

When one agrees with another to deliver to the latter, during a considerable period, a specified commodity by installments as required, with no limit as to quantity, at designated prices "payable monthly," time, relatively to the matter of making payments, is of the essence of the contract.

Argued February 16,—Decided March 1, 1900.

Complaint.  Before Judge Norwood.  City court of Savannah.  August 2, 1899.

*O'Connor, O'Byrne & Hartridge,* for plaintiff in error.
*Twiggs & Oliver,* contra.

LUMPKIN, P. J. The Savannah Ice Delivery Company and the American Refrigerator Transit Company entered into an agreement of which the following is a copy: "This agreement, made and entered into this 20th day of February, 1895, between Savannah Ice Delivery Company, of Savannah, Georgia, party of the first part, and The American Refrigerator Transit Company, of Saint Louis, Missouri, party of the second part, witnesseth: That the said party of the first part hereby agrees to furnish said party of the second part with all the ice the said party may require for icing refrigerator cars at Savannah, Georgia, February 1st, 1895, to February 1st, 1896, said ice to be placed in bunkers of said cars at such times and in such quantities as required by said second party.  In consideration of above promises being fulfilled by said first party, the said second party agrees to pay for all ice delivered as per terms of this contract, at the rate of five dollars per ton, payable monthly, in car-load lots, f. o. b. factory, $3.00 per ton.  Signed in duplicate."  Subsequently the Transit Company brought an action against the Ice Company for damages arising from an alleged

breach of this agreement in refusing to deliver ice in accordance with the terms thereof. There was a verdict for the plaintiff, and the defendant moved for a new trial, to the denial of which it excepted. The motion contained numerous grounds; but in the view we take of the case it really turns upon the ruling announced in the headnote. The main defense relied on by the Ice Company was, that before it had refused to fill any order received from the plaintiff, the latter had itself broken the agreement by failing to comply with the stipulation therein requiring it to pay monthly for the ice furnished to it; and that, in consequence of this breach of the contract on its part, the defendant had elected to treat the contract as rescinded, and had given to the plaintiff prompt notice of such election. The evidence discloses that all bills for ice were, under the plaintiff's direction, to be sent to one Barnard, its agent in Atlanta, and that they were sent accordingly. One bill for certain quantities of ice furnished on the 1st and 3d of May was duly forwarded to this agent, but this particular bill was not paid until July 9th. The plaintiff's failure to pay this bill when due was the ground of the defendant's election to rescind, and notice to this effect was given to the plaintiff when, on July 16th, it sent another order for ice to the defendant. The only excuse offered by the plaintiff for its failure to pay this bill according to the terms of the agreement was, that the bill did not reach the hands of one Morehead, its purchasing agent, until the day on which payment was made. The undisputed evidence shows, however, that the bill was mailed to Barnard on May 3d; and, although he was sworn as a witness in the case, he did not undertake to assert that the bill was not duly received by him. It is plain, therefore, that the excuse set up for the failure to pay amounted, in contemplation of law, to no excuse at all.

One ground of the motion for a new trial complains of the following charge of the court: "Now, the matter of payment, the method of payment, the time of payment, is a matter that is not of the essence of the contract; it is a matter of detail. The contract would have been good if no time had been mentioned at all, because the law then would have supplied the time. The parties can supply the time, but it is not a part of the considera-

tion of the contract.   The law allows parties to make their own contracts, and it is not the duty of the court or juries to make contracts for parties before the court.   Now, the question is, what was the contract here?   It was to deliver so much ice for so much money.   And although it says monthly payments, that does not affect the validity of the contract.   The contract remains just as if nothing had been said about monthly payments. If the parties had desired that there should be any responsibility arising out of the failure to pay monthly, they had it in their power to do it, and they should have done so.   They should have said:  'If you fail to deliver this ice, this contract is at an end; if you fail to pay for this ice monthly, or daily, or weekly, this contract is at an end.'   That would have been perfectly good in law, and either party could have availed itself of that part of the contract.   But, for reasons which the law presumes were good to themselves, they attached no such condition to this contract.   Neither of them insisted that the contract should be void on any such failure on the part of either party, and the law will not supply to the contract what they failed to put in it.   It was easily done, if they had seen fit to do it; but the presumption of the law is that they had reasons for not doing it.   Therefore I charge you that the time of payment was not an essential part of this contract, so much so that the party would have the right to break it upon the failure to pay monthly.   I charge you that the defendant had no right to declare the contract void, or to annul it, upon the failure of the party to pay at the end of a month.   It could have been made so, but it was not made so; and the general policy of the law is that time is not an essential part of a contract; and if the parties don't see fit to make it so by saying so in terms, by saying that if not paid within a certain time the contract shall be void, the law will not declare it to be void.   Therefore I charge you that the defendant did not have the right, if the plaintiff failed to pay at the end of a month, to declare the contract void; and if you find from the facts disclosed by the testimony on the stand that the plaintiff did not refuse to carry out its part of the contract, I charge you that the defendant did not have the right to declare the contract void on account of the delay in the payment of an instalment under the

contract." The error assigned upon this charge was, "that the time of payment was of the essence of the contract, and the failure on the part of the plaintiff to pay a bill duly rendered it within the period fixed by the contract was such a breach thereof as entitled the defendant to rescind."

It is obvious that this exception was well taken. The law on the subject is, that "Time is not generally of the essence of a contract; but by express stipulation, or reasonable construction, it may become so." Civil Code, § 3675 (8). If there ever was a case when, by "reasonable construction," time should be considered as being of the essence of a contract, it is this. In view of the fact that the contract was to continue of force for a period of one year, and was broad enough in its terms to require of the defendant, if the plaintiff so desired, the delivery of ice in practically unlimited quantities, it is manifest that the stipulation making all bills payable monthly was inserted with the distinct purpose of securing to the defendant prompt payments for ice actually delivered in installments from time to time, and avoiding, as far as possible, sales on indefinite credit. The scheme of the agreement plainly was, not that the defendant should in any event furnish to the plaintiff all the ice it might need during the year, but that credit should be extended to it only as to such quantities of ice as it might require in a given month during that period, prompt settlement for which should be made at the end of the month as a condition precedent to the extension of further credit. Under the evidence as above set forth, the plaintiff was not entitled to any recovery at all. It broke the contract, and thus gave to the defendant the right to rescind, of which it promptly availed itself. In principle, the case of *Branch* v. *Palmer,* 65 *Ga.* 210, is much in point. See reasoning of Jackson, J., p. 215. A new trial is ordered, because of the erroneous charge above quoted, and for the further reason that, in view of the evidence as it comes to this court, the verdict was contrary to law. While considering the case, another question presented itself to our minds. We do not feel called upon to decide it, for the reason that it is not raised in the record. At the same time we call attention to it lest we be understood as holding, by implication, that were the facts other-

wise as regards payment by the plaintiff in accordance with its express obligation to pay monthly, it would be entitled to recover. The written instrument declared upon is apparently open to the objection that the contract therein set forth is purely unilateral. If so, it never became binding upon the defendant. See *Morrow* v. *Southern Express Co.*, 101 *Ga.* 810.

*Judgment reversed. All the Justices concurring.*