### 943. MACON GAS LIGHT AND WATER COMPANY *v.* FREEMAN, administrator.

1. The Macon Gas Light and Water Company, in the exercise of a franchise granted to it by the City of Macon, and under its contract with the city, is under a public duty to furnish to the inhabitants of the city, for domestic use, a supply of water, at fixed tolls; and for a breach of this duty it is liable in damages to a citizen who has sustained injury by reason of the breach. The citizen who is entitled to be furnished the water is under a correlative duty to pay the company therefor, according to its tolls and at the time and in the manner prescribed by its rules; and the failure to do so gives the company the right to discontinue furnishing the water to the delinquent; and when it exercises this right in a proper and reasonable manner, it is not liable in damages.

2. The verdict is without evidence to support it, and is therefore contrary to law.

Action for damages, from city court of Macon—Judge Hodges. December 7, 1907.

Argued April 21,—Decided July 8, 1908.

Freeman sued the Macon Gas Light and Water Company for damages on account of the alleged wrongful cutting off of water from his residence. The jury rendered a verdict in favor of the plaintiff, for $150; and the defendant's motion for a new trial was overruled. The motion for a new trial contains numerous assignments of error, but the controlling issue in the case is whether, under the facts, the defendant company committed a breach of its duty as a public-service corporation, in cutting off the water from plaintiff's residence. The Supreme Court, when the case was before it, decided, that the defendant was a public-service corporation in so far as the duty of furnishing water to the citizens of Macon was concerned; and that for a breach of this duty the injured party could recover nominal damages, or, if the circumstances would warrant, punitive damages, and also such special damages as might proximately flow from a breach. *Freeman v. Macon Gas Light and Water Co.,* 126 *Ga.* 846 (56 S. E. 61, 7 L. R. A. (N.S.) 917).

The following is a substantial statement of the material evidence pertinent to the controlling issue as above stated and the contentions of the parties thereon. The Macon Gas Light and Water Company furnishes water to the citizens of Macon under a contract with the city, and the plaintiff was a householder in Macon and a customer of the company. Water bills, under the rules and regulations of the company, are payable monthly, and it is the custom of the company to send to its patrons on the first day of each month the following notice: "All water bills are payable by the 15th of each month. Non-payment of the same will cause the supply to be discontinued, and the payment of one dollar will be required for the turning on of the water." The plaintiff in the court below admitted that when his water was cut off from his residence he was in arrears in the payment of his bills for water for the months of December, 1904, and January, February, and March, 1905, and that he had received from the company each month the foregoing notice. He insisted, however, that notwithstanding his failure to pay for his water for the four months in question, and the repeated demand of the company for payment, the company had no right to cut off the water from his residence without first giving him five days' notice of its intention to do so. He bases this contention upon section 8 of the water company's contract with the city of Macon. This section reads as follows: "As the safety of the property of the citizens is largely dependent upon the proper and efficient management of the waterworks, and to that end rules and regulations are necessary to be observed, it is hereby agreed by the parties hereto that the right of the party of the second part to enter into the premises of the citizens by its authorized agent, during business hours of the day, for the purpose of inspecting the water fixtures used by its customers, is recognized, and its right to shut off the water from any section of the city to make repairs and extensions, after notice where practicable, but without notice in emergency, as well as its right to refuse to supply customers who neglect to pay for their supply, or who refuse to have fixtures repaired to prevent waste, or who persistently waste the water, after five days' notice and in accordance with the published rules of the party of the second part." The following rule of the water company was also introduced in evidence: "If any parties neglect or refuse to pay the water rent

when due, or permit any waste or use of water not authorized by the company, or shall fail to keep hose and fixtures in good repair, the water may and will be turned off without notice, at the option of the company, and not turned on again until all back water rent and damages are paid, and in addition thereto the sum of one dollar for expense of shutting off and turning on the water."

The trial court, construing section 8 of the contract with the city above quoted, charged the jury that the water company would have the right to cut off the water, for non-payment of water bills when due, only after giving the delinquent five days' notice of its intention to do so; and this construction of the contract is one of the errors assigned. The plaintiff in the court below insisted, in the next place, that while he himself had not paid his water bills for the four months stated, he did not owe the bills in question when the water was discontinued; because the company had accepted Mr. Roland Ellis as its debtor for the bills, in lieu of himself. In support of this position he testified, that he had requested Mr. Ellis to pay the bills for him, and that Mr. Ellis had reported to him that he had "settled the matter with the president of the company." This testimony was objected to by the defendant, on the ground of hearsay; but the court admitted the testimony. On this point, the president of the company testified, that Mr. Ellis had not paid the bills for the plaintiff, and that he had not agreed to accept Mr. Ellis as the company's debtor in lieu of the plaintiff, but that he had simply promised to hold up the bills for a week, because Mr. Ellis had stated to him that in that time the plaintiff would have money with which to pay them. It is further shown, on this point, that when the plaintiff, during the first week in May, went to the office of the water company to pay his bill for the month of April, he was informed by the cashier of the company that Mr. Ellis had not paid the bills in question, and that the company required the plaintiff to pay the bills before it would accept payment from him of the bill due for the month of April. The water was not cut off from the plaintiff's residence for nearly a month after this information had been given to him by the cashier, and after the demand for payment for the four months in question had been made on him personally.

N. E. & W. A. Harris, for plaintiff in error.    J. E. Hall, contra.

30

HILL, C. J. (After stating the facts as above.)

1. The admitted facts in this case prove that there was no breach of its public duty by the water company in cutting off the water from the plaintiff's residence. Under its franchise and the contract made with the city, the water company was unquestionably under a duty, as a public-service corporation, to furnish water to the citizens of Macon for domestic use; but the citizens were under a correlative duty to pay for the water so furnished to them. The failure to pay for the water according to the tolls and the rules of the company releases the water company from the duty of furnishing water. Payment for the water, and time of payment, were of the essence of the contract to furnish water; and a failure on the part of the citizen to pay for the water when furnished, within the period fixed by the company for payment, was such a breach of the agreement by the citizen as entitled the company to rescind the contract made with the city to furnish the water, in so far as the delinquent citizen was concerned. No citizen could justly claim the benefit of the contract, without performing his correlative obligation. *Savannah Ice Delivery Co.* v. *American Refrigerator Transit Co.,* 110 *Ga.* 142 (35 S. E. 280).

Conceding that the water company could not exercise its right to discontinue the water on failure to pay for it according to its rules and regulations, without first giving a delinquent five days' notice of its intention to cut off the water on account of such failure of payment, yet the evidence in this case incontestably shows that the plaintiff in the court below had in fact had much longer than the five days' notice from the company that his bill was past due and that the water would be discontinued unless payment was made. This notice had been sent to and received by the plaintiff each month for four months before the water was cut off, and it seems to us that, under the admitted facts, the company had fully complied with the requirement as to notice. In other words, we think the evidence shows that the company had been more indulgent to the delinquent customer on the subject of notice than was required by the contract, even as construed by the court.

2. The contention of the plaintiff in the court below that at the time when the water was cut off he did not owe the bill for the four months is not sustained by evidence. His contention that Mr. Ellis had been accepted by the company as its debtor, in lieu

of himself, is not supported by his statement that Mr. Ellis had told him that he had settled the matter with the president of the company. This testimony, being hearsay, was of no probative value, and besides was completely refuted by the admitted fact that the company had personally notified him that Mr. Ellis had not paid the bill, and that he (the plaintiff) would be required to pay it before the payment of his April bill would be accepted.

In the view that we take of this case, it is not necessary to consider the other numerous assignments of error. On the merits, under the uncontroverted evidence, the plaintiff was not entitled to any recovery at all. He had failed to pay his water rent for a period of four months. He had repeatedly received notices from the company that the water rent must be paid by the 15th of the current month, or the water would be discontinued without further notice. He had disregarded the repeated notices so given to him, and had persisted in his delinquency. His conduct had fully absolved the company from any duty it owed him by reason of its contract with the city, and he had thus given to the company the right to discontinue the water. Instead of there being any breach by the company of its public duty, it had exercised its manifest right to discontinue the water, properly and indulgently; and the verdict against it is wholly unsupported by the evidence, and is therefore contrary to law. The judgment refusing a new trial is                                         *Reversed.*