## 5167. ARMUCHEE PANTS MANUFACTURING COMPANY et al. v. JUILLIARD & COMPANY.

1. Misjoinder of parties or of causes of action is a defect which should be taken advantage of by special demurrer filed at the first term.
2. There was no error in rendering judgment on the admissions of the answer.

DECIDED JANUARY 20, 1914.

Complaint; from city court of Floyd county—Judge Reece. May 19, 1913.

A. D. Juilliard & Company brought suit in the city court of Floyd County against the Armuchee Pants Manufacturing Company and Watters and Beam. A joint answer was filed and was amended, and on demurrer the court struck the answer. At a subsequent term of the court the defendants moved to dismiss the petition, on the grounds that there was a misjoinder of defendants and of causes of action, and that the alleged contract of Watters and Beam was without consideration. The motion was overruled, and the court, on the admissions of the answer, which the plaintiff introduced in evidence, rendered judgment against the defendants for the amount sued for. To this judgment and the antecedent rulings the defendants excepted.

The suit was for a balance alleged to be due on an open account for goods sold to the Armuchee Pants Manufacturing Company upon the faith of a contract of the defendants Watters and Beam

with the plaintiffs, a copy of which is attached to the petition. In their answer the defendants pleaded as a set-off damages on account of failure of the plaintiffs to comply with their contract to furnish certain goods ordered. The plaintiffs contended that, from the allegations of the petition and the admissions of the answer, it appeared that the plaintiffs were not bound to furnish the goods, the defendants having defaulted in payments under the contract, for goods previously sold under it. In the contract referred to in the petition it is stated that A. D. Juilliard & Company agree to extend credit from time to time to the Armuchee Pants Manufacturing Company, provided Watters and Beam agree to guarantee payment of all credits extended by A. D. Juilliard & Company to the pants manufacturing company, and that in consideration of the relation which Watters and Beam bear to the pants manufacturing company and of their financial interest in it, they agree to pay all obligations now or hereafter owing by the pants manufacturing company to A. D. Juilliard & Company, if not paid by the pants manufacturing company as they mature, and that any goods shipped to the pants manufacturing company "shall be on the regular datings" of Juilliard & Company, and when said accounts mature Juilliard & Company shall, if requested by the pants manufacturing company, grant a ninety-days extension beyond the other datings, the extensions to draw interest at the rate of six per cent. The contract is dated April 28, 1911. The account attached to the petition contains a series of items of goods, of dates beginning in December, 1911, and ending in May, 1912, the aggregate amount of which is $4,444.99. The account shows credits as follows: "1912, by cash, $1,500; October 9, 1912, by cash, $500; October 17, 1912, by cash, $1,000." Paragraph 2 of the petition alleges, that the Armuchee Pants Manufacturing Company, as principal debtor, and Watters and Beam, as securities, are indebted to Juilliard & Company "in the sum of $2,944.99 principal, besides interest at the rate of six per cent. per annum after sixty days from the date of each item sold, less credits of $500 on October, 1912, and $1,000 on October 17, 1912," and that a copy of the account is attached, marked "Exhibit A." The balance of the principal accords with that shown by the attached account,—$1,444.99. The original answer admits the allegations of this paragraph, and says that the defendants "would be liable to pay to plaintiffs the

amounts claimed except for the items of set-off and recoupment hereinafter set forth." Paragraph 3, as to the contract of Watters and Beam, is admitted. Paragraph 4, which alleges "that upon the faith of this contract the goods were sold to the pants manufacturing company, and were delivered" on the dates shown by the attached account, is admitted, except that the defendants "deny that the items were delivered on the dates shown" on the account. In paragraph 5 it is alleged that "said goods were sold on regular dating of petitioners, and said bills were extended for ninety days, at six per cent. per annum, in accordance with the special agreement of said . . Watters and Beam, and that all of said items are now past due, under petitioner's regular datings, and also under the special ninety-days extension allowed under the contract," and that the defendants refuse to pay the same. This is answered as follows: "Defendants say that said goods were sold to them under a special arrangement as to dating, the same being sixty days from the delivery of the goods from said Armuchee Pants Manufacturing Company, with the right to an additional ninety days if desired. It is admitted that all of the items are now past due, and that said defendants refuse to pay the same for the reasons hereinafter set forth. All other allegations of the 5th paragraph of the petition are denied." Further answering the defendants say that at the time the goods shown by the account were sold, the plaintiffs also sold to them as a part of the same transaction 9,000 yards of "New York Mills Fustian jobs" at 15 cents per yard; that subsequently, on or about October 17, 1912, the pants manufacturing company instructed the plaintiffs to ship said goods and the goods were actually shipped, but were stopped in transit by the plaintiff and were never delivered; that on said date the price of said goods had advanced to 25 cents per yard, and by reason of the failure of the plaintiffs to deliver these goods in accordance with their contract, the pants manufacturing company lost 10 cents per yard on the goods, and the defendants have been damaged thereby in the sum of $900, which amount they plead as a set-off against the account sued on. By the amendment to the answer it is alleged that on or about December 1, 1911, the plaintiffs entered into a contract with the pants manufacturing company whereby the plaintiffs sold to the company a large quantity of goods, including the items set out in the account attached to the plaintiffs'

petition, and also, 9,000 yards of "New York Mills Fustian," the plaintiffs stating that the goods would be stored, charged, and shipped out as ordered by the pants manufacturing company; that "sometime in August, 1912, the defendants ordered out the 9,000 yards of New York Mills Fustian, which said goods were finally shipped on or about October 1, but were stopped in transit and never delivered to defendants, and they now decline to comply with their contract and deliver said goods," to the damage of the pants manufacturing company in the sum of $900, as set out in the original answer. It is also alleged that the $1,500 credited on the account was paid on September 12, 1912, "which with the other credits in the account, of October 9th and October 17th, more than pay what was due at that time." It is alleged that the goods specified in certain items of the account were not shipped on the dates specified in the account, but were shipped on subsequent dates named, and that certain of the goods specified were received as late as September 25 and October 2, 1912.

*Maddox & Doyal,* for plaintiffs in error.

*Lipscomb & Willingham, Nathan Harris,* contra.

ROAN, J. 1. The court did not err in overruling the motion to dismiss the petition. No demurrer was filed before the trial term. The motion to dismiss was made at that term. Misjoinder of parties or of causes of action is a defect which should be taken advantage of by special demurrer filed at the first term. *Riley* v. *Royal Arcanum,* 140 *Ga.* 178 (78 S. E. 803); *Georgia Railroad & Banking Co.* v. *Tice,* 124 *Ga.* 460 (52 S. E. 916, 4 Ann. Cas. 200); *Bishop* v. *Woodward,* 103 *Ga.* 281 (29 S. E. 968); *Harrell* v. *Davis,* 108 *Ga.* 789 (33 S. E. 852).

2. Did the court err in striking the answer as amended, and in rendering judgment for the plaintiff? We think not, for the following reasons:. From the pleadings it appears that the goods were shipped at different times, and, so far as appears, all were shipped as ordered except the 9,000 yards of goods mentioned in the answer. Under the contract the purchaser was as much obligated to make payments for the shipments as they fell due as the plaintiffs were to ship the goods when ordered. From the admissions in the pleadings it is apparent that when the plaintiffs stopped the shipment of the 9,000 yards of goods in transit, the defendants were in default as to payments for goods shipped under

the contract. If the defendants were entitled to be furnished goods at certain times under the contract, they were under a correlative duty to pay for them in accordance with the contract, and their failure to do so gave the plaintiffs a right to discontinue the shipping of goods. The defendants can not be allowed to violate their part of the contract by a failure to make payments when due, and then hold the plaintiffs for damages because of failure to ship additional goods thereafter. See *Savannah Ice Delivery Co.* v. *American Refrigerator Transit Co.,* 110 *Ga.* 142 (35 S. E. 280) ; *Macon Gas Light & Water Co.* v. *Freeman, 4 Ga. App.* 463 (61 S. E. 884).

3. The answer having been stricken, the court, upon the admissions contained in it which the plaintiffs had introduced in evidence, was authorized to enter judgment against the defendants for the amount sued for. Under the act creating the city court the judge could do this without the intervention of a jury, no jury having been demanded.                    *Judgment affirmed.*