38913.   BAGLEY v. FIRESTONE TIRE & RUBBER COMPANY.

Decided October 17, 1961—Rehearing denied November 2, 1961.

*Thomas M. Stubbs, Jr., Joan Larsen,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, John D. Jones, Sanders McD. Marshall,* contra.

FRANKUM, Judge. The sole question for determination in this case is whether the court erred in granting a summary judgment. Unlike the construction taken of a petition when ruling upon a general demurrer, the pleadings will be construed favorably toward the pleader when ruling upon a motion for summary judgment by a defendant against a plaintiff. Likewise, all inferences from the evidence introduced (if any) will be interpreted favorably toward making an issue of fact. See *Caldwell v. Mayor &c. of Savannah,* 101 Ga. App. 683 (115 SE2d 403); *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193). The cardinal rule of the summary judgment procedure is that the court can neither resolve the facts nor reconcile the issues, but can only look to ascertain if there is an issue. See 35B C.J.S. 628, Fed. Civil Procedure, § 1206; 6 Moore Fed. Practice 2d ed., p. 2101, par. 56.15 [1]; 3 Barron & Holtzog Fed. Practice & Procedure 96, § 1231.

The gist of the plaintiff's action is that the defendant corporation, through its assistant counsel, represented to the plaintiff the fact that the defendant corporation, as garnishee, owed the debtor no amount, and by such fact the defendant corporation sought to obtain a release of the summons of garnishment served on it under the aforesaid garnishment proceedings; that the representations were made with knowledge of their falsity and with the intent to mislead the plaintiff, and that the plaintiff was misled and did dismiss the summons of garnishment, when the defendant owed the debtor the amount of $579.01, at the time the summons of garnishment was served on it.

Plaintiff's counsel assert that the present suit is predicated

upon *Code* § 105-302, which provides: "Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of the falsehood constitutes an essential element. A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood."

The defendant contends that the action fails to show a case of deceit because actual fraud is not shown, citing *Southeastern Greyhound Lines v. Fisher*, 72 Ga. App. 717 (34 SE2d 906); *Brown v. Ragsdale Motor Co.*, 65 Ga. App. 727 (16 SE2d 176); *Camp Realty Co. v. Jennings*, 77 Ga. App. 149 (47 SE2d 917). Construing all inferences from the pleadings and evidence against the movant, we are of the opinion that there was an issue of fact to be submitted to a jury on this point, and that the court erred in granting the motion for summary judgment.

"Fraud may be actual or constructive. Actual fraud consists in any kind of artifice by which another is deceived. Constructive fraud consists in any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another. The former implies moral guilt; the latter may be consistent with innocence." *Code* § 37-702.

The intention to deceive and the immoral element are supplied by knowledge of the falsity of the representations when they were made. See an explanation of actual fraud in *Northwestern Mut. Life Ins. Co. v. Montgomery*, 116 Ga. 799 (43 SE 79).

In a case involving the fraudulent inducement of one to enter into a contract, this court held in *Deibert v. McWhorter*, 34 Ga. App. 803, 804 (132 SE 110): "Thus, where the basis upon which the contract was entered upon lies in the existence or non-existence of certain material facts, the verity of which needs must be ascertained from the statement of one acquainted with such facts, each of the contracting parties has a right to rely upon the truth of the other's statements with reference thereto,

when such statements relate to matters apparently within the knowledge of the party asserting them; and to do this without checking up the statements with the declarations of other and different persons, in order, by such an investigation, to test their probable truth." We are of the opinion that the principle is likewise applicable here.

In *Boroughs v. Belcher*, 211 Ga. 273 (1) (85 SE2d 422), it was held: "A fraudulent or reckless representation of facts as true, even if the party may not know them to be false, if intended to deceive, is equivalent to knowledge of the falsehood. *Code* § 105-302. Whether or not a party who misrepresents a fact knows it to be false is immaterial, for the affirmation of what is not known to be true, or believed to be true, is equally, in morals or law, as unjustifiable as the affirmation of what is positively known to be false. [citations]."

As stated in *Wood v. Cincinnati Safe &c. Co.*, 96 Ga. 120, 123 (22 SE 909): "Fraud is exceedingly subtle in its nature. There are infinite means by which it can be accomplished. In its conception human ingenuity is limitless in its capabilities. It is therefore impossible to state any general rule by which particular frauds are to be identified. Classification is almost, if not quite, impossible. It may be perpetrated by willful misrepresentations made by one person to another, with a design to mislead and which do actually mislead another. It may be perpetrated by signs and tricks, and even silence may in some instances amount to fraud."

The undisputed facts show that the summons of garnishment was served on the defendant at its office in Atlanta on May 8, 1958. A check was sent to the debtor on May 12, 1958. Between May 8 and May 16, the summons of garnishment was forwarded to the defendant's home office in Akron, Ohio.

On May 16, 1958, the defendant's assistant counsel wrote the plaintiff a letter in which he stated in the third paragraph, "I am advised that of this date we have no outstanding invoices [owing to the debtor], but I think it only fair to advise that a small one was paid prior to the receipt of the summons." The issue revolves around whether the defendant's assistant counsel used the word "receipt" to mean service of the summons

of garnishment, or receipt of such summons in the Akron office.

The letter in its present form is ambiguous. Construing all inferences therefrom in favor of the plaintiff, a fact issue was presented in the case as to whether the letter of the defendant was written for the purpose of, and did, mislead the plaintiff into dismissing the summons of garnishment. The financial records concerning transactions between the debtor and the defendant were in the possession and control of the defendant. The defendant's letter of May 16, in view of the surrounding circumstances, would authorize a finding of fact that the letter was intended to, and did, represent that the defendant owed the debtor nothing on the date the summons of garnishment was served.

It is a jury question whether the defendant made the representations with knowledge that they were false, and if thus made, whether the plaintiff believed them to be true and relied upon them and acted to his injury. The petition charges: "The said representations made by defendant through its agent were false; said representations were made knowing them to be false and were fraudulently designed to induce plaintiff to release the said summons of garnishment, all to the detriment of your petitioner."

This allegation prevails because, "On a motion for summary judgment, the pleadings of opposing party must be taken as true, unless by the admissions, depositions or other material introduced it appears beyond controversy otherwise." Hiern v. St. Paul &c. Co., 262 F. 2d 526. There is a duty on the party opposing a motion for summary judgment to present relevant evidence in rebuttal of the movant's evidence (Scales v. Peevy, 103 Ga. App. 42, supra), but there is no duty upon an opposite party to produce evidence unless the movant successfully pierces the allegations of the petition by competent evidence to show that no fact issue exists. Griffith v. William Penn Broadcasting Co., 4 F.R.D. 475; 6 Moore Fed. Practice, 56.15 [2] & [3].

The defendant insists that the deposition of the plaintiff shows neither diligence on the part of the plaintiff to discover the true facts, nor a right of the plaintiff to rely upon the representations of the defendant. As stated in King v. Towns, 102 Ga. App.

895, 901 (118 SE2d 121): "Of course, a party cannot blindly rely upon representations of anyone without rhyme or reason, but the question of diligence of the party alleged to have been defrauded relating to whether he exercised due care to ascertain the truth of the alleged misrepresentations is usually a matter for the jury. *Dorsey v. Green,* 202 Ga. 655 (44 SE2d 377); *Johnson v. Sherrer,* 197 Ga. 392 (29 SE2d 581); *Alpha Kappa Psi Bldg. Corp. v. Kennedy,* 90 Ga. App. 587 (83 SE2d 580); *Norris v. Hart,* 74 Ga. App. 444 [40 SE2d 96]."

The Supreme Court said in *Fenley v. Moody,* 104 Ga. 790, 795 (30 SE 1002): ". . . we are not aware of any rule of law, or decision of any court, that goes to the extent of saying that one who has been imposed upon by a deceitful and false statement can have no relief unless, before acting upon such a statement, he had exhausted all means at his command to ascertain its truth. This would be, in effect, holding that scarcely under any circumstances will relief be granted to one who has been the victim of misplaced confidence in his fellow-man."

The court erred in granting the motion for summary judgment.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*