40041.   BANKERS FIDELITY LIFE INSURANCE
COMPANY v. O'BARR.
40042.   BANKERS FIDELITY LIFE INSURANCE
COMPANY v. MORGAN.

DECIDED JULY 2, 1963—REHEARING DENIED JULY 16, 1963.

*Smith, Field, Ringel, Martin & Carr, Sam F. Lowe, Jr.,* for plaintiff in error.

*Hilton & Hilton, L. H. Hilton,* contra.

BELL, Judge. ■ The trial court did not err in overruling the defendant's motion to dismiss plaintiff's motion for summary judgment.

A definite, certain and unambiguous oral contract of settlement of a pending cause of action is a valid and binding agreement. Where the suit is pending, either of the parties to the case is entitled to a final judgment based on the terms of the agreement of settlement so as to render certain the termination of the case. *Kapiloff v. Askin Stores*, 202 Ga. 292 (42 SE2d 724); *Coggins v. Edmonds*, 209 Ga. 381, 383 (2) (73 SE2d 199); *Boswell v. Gillen*, 131 Ga. 310 (62 SE 187). In each case here the motion for summary judgment, its supporting affidavit and the pleadings would have authorized the grant of a summary judgment if the contract of settlement of the suit as asserted in the supporting affidavit were to remain uncontroverted and found to exist as a matter of law. *Davis v. Holt*, 105 Ga. App. 125, 131 (2) (123 SE2d 686).

■ The counter affidavits filed by the defendant in these two cases deny the existence at any time of a contract of the nature asserted in movants' supporting affidavits and declare that defendant had never made an agreement to settle separately with either of these movants. Although there had been an agreement of settlement entered into at one time by the defendant and others, the defendant contended that the agreement was executory, had been rescinded by mutual acts of the parties, and in any event had never applied to one of these plaintiffs (O'Barr in Case No. 40041). Further, the terms and nature of the agreement, which the defendant claims to have been rescinded as to all parties and which the movants assert to be in full force and effect as to them, are in numerous respects in direct issue as shown by the opposing affidavits of the parties. These conflicting averments present genuine issues as to material facts which are jury questions. *Murph Machinery Co. v. Burke*, 19 Ga. App. 351 (1) (91 SE 490). These and other genuine issues as to material facts raised by the opposing affidavits clearly show that neither of these cases is a proper one for an entry of summary judgment. The trial judge erred in granting the motion and in entering judgment for the movants in these cases. See *Code Ann.*

*Ch.* 110-12 and *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736 (123 SE2d 179).

The judgment of the trial court granting the motion for summary judgment and entering judgment in favor of each of the movants in these two cases is

*Reversed. Carlisle, P. J., and Hall, J., concur.*