### 45371. LANGFORD, Executrix, et al. v. FIRST NATIONAL BANK OF ATLANTA.

EVANS, Judge. 1. The motion to dismiss the appeal is not meritorious since it is based upon the fact that the enumeration of errors refers to a wrong date (one then in the future) as to the

order on summary judgment it complains of. Yet the notice of appeal refers to the correct date in the record which is the only order on summary judgment which is the subject matter of this appeal. Ga. L. 1965, p. 18, as amended by Ga. L. 1965, pp. 240, 243, and Ga. L. 1968, pp. 1072, 1077 (*Code Ann.* § 6-810) states that the enumeration or enumerations of error "need not set out or refer to portions of the record on appeal" but "shall be concise and need not conform to the assignments of error abolished by these rules." The error complained of here is clearly apparent and affords no basis for the motion.

2. Sums deposited with any savings bank and savings deposits taken by any bank, together with interest credited thereto, shall be repaid to the depositors, or their legal representatives, after demand in such manner at such time and after such previous notice and under such regulations as the bank shall prescribe, interest being credited at such times and at such rate as may be prescribed by the bank's regulations. See *Code* § 13-2047.

3. Under such circumstances, a savings bank does not become liable for a repayment of the money until after demand for it by such rules and regulations as it issued, and the statute of limitation would not commence to run in favor of the bank *until after such demand and refusal to pay.* See *Munerlyn v. Augusta Sav. Bank,* 88 Ga. 333 (14 SE 554, 30 ASR 159).

4. A written acknowledgment of an existing liability is equivalent of a new promise to pay and constitutes a new point from which the statute of limitation begins to run. *Code* § 3-901; *Harrell v. Davis,* 108 Ga. 789 (2) (33 SE 852).

5. The evidence here shows that the appellant, who was allegedly the executrix and sole heir of a deceased husband, found confirmation papers of a certain savings account or accounts of her deceased husband with the appellee. Approaching the bank on or about June, 1962, at the earliest, and for several years thereafter, she was' advised to bring in additional evidence to prove she was the widow of one Henry Langford and that he was one and the same person as the Henry Arthur Langford of whom she is the widow, sole heir and executrix of his estate with will probated in solemn form. Appellant's testimony that she contacted the various persons in the bank who kept telling

her to produce other evidence, finally advising her to go to the attorneys of the bank before they would pay the savings account deposits over to her although the bank had at one time drawn the check to pay her, is not sufficient to show a demand and refusal to pay. Further, there is evidence in the record that the bank has continued to pay interest on the account or accounts, which amounts to new promises to pay to the said Henry Langford or his representatives and assigns, if he be deceased.

Consequently, based on the record in this case to date, there remains for jury determination whether or not: (1) Henry Arthur Langford, deceased, is one and the same person as the Henry Langford, owner of the savings account or accounts on which this suit is based, and (2) if the plaintiff, either individually or as executrix of said estate of Henry Arthur Langford is entitled to the principal and interest of an account or accounts deposited with appellee and/or its predecessors, the Lowry National Bank, and the Fourth National Bank of Atlanta. The court erred in granting summary judgment in favor of the defendant since the pleadings and evidence reveal issues of fact which should be submitted to a jury. *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736 (123 SE2d 179); *Bankers &c. Life Ins. Co. v. O'Barr,* 108 Ga. App. 220, 222 (132 SE2d 546).

*Judgment reversed. Hall, P. J., and Deen, J., concur.*
ARGUED JUNE 8, 1970—DECIDED JUNE 29, 1970—REHEARING DENIED JULY 20, 1970.

*J. L. Jordan, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William L. Harper, Assistant Attorney General, Timothy J. Sweeney, Deputy Assistant Attorney General,* for appellants.

*Hansell, Post, Brandon & Dorsey, H. Boyce Connell, Jr., Terrence Lee Croft,* for appellee.

ON MOTION FOR REHEARING.

Counsel for movant argues strongly that (1) a demand or refusal had been made several times over four years before the

filing of this suit as shown by plaintiff's testimony, and (2) there was no evidence in the record it had continued to pay interest on the account or accounts. These two points will be discussed further.

1. Not only is the testimony uncertain as to the so-called "demands" and "refusal," but nowhere in the record is it shown what the substance of the rules and regulations of this savings institution were in regard to demand and notice as required by *Code* § 13-2047, which gives such savings institutions wide discretion as to what manner, time and notice shall be used by the depositors for withdrawal of savings after demand. A mere demand without compliance with the rules would not start the statute of limitation running against a depositor. It could be that here none of the rules and regulations of the savings institution were met whereby this depositor would be authorized to demand payment. Without a proper demand there could be no refusal by the bank. Indeed, no definite refusal was ever made, but like all good and reliable savings institutions which do not desire to be unjustly enriched by deceased depositors, this institution, by and through its officers and employees, was merely seeking to be certain and sure it paid these funds to the proper persons, and thus required further and definite proof as to the entitlement of this plaintiff to the funds.

This record on summary judgment is absolutely silent as to the rules and regulations of this savings institution as to the requirements to be met in order for the alleged depositor to demand repayment which shall be made "in such manner and at such time and after such previous notice and under *such regulations* as the board of directors of such bank shall prescribe." (Emphasis supplied.) Summary judgment was not proper because (a) the rules and regulations of the institution in regard to withdrawal were not in evidence, hence no proper demand was shown to have been made; and (2) the bank officials never clearly and succinctly refused to pay the funds to the plaintiff. The movant utterly failed to carry the burden "to establish the lack of a genuine issue of fact and the right to a judgment as a matter of law." See *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442).

2. But this institution has not pocketed these accounts or converted them in any manner. On the contrary, it continues to hold

the account or accounts open, and continues to recognize it as the account or accounts of "Henry Langford," for the answers to the interrogatories show changes in the account numbers remaining in the name of Henry Langford, notices mailed out to Henry Langford, and interest has been earned and accrued thereon "until the present date." This court has not held that there was written acknowledgment of the debt, although the bank admits it continues to tabulate the interest earned and accrued. This may be inferred from the evidence. But a full disclosure should be had to ascertain the truth. Rather, this remains to be determined by the evidence on a trial. What has been ruled is that summary judgment should not have been granted since any doubts in determining whether a genuine issue of fact exists shall be given the party opposing the motion including "all favorable inferences that may be drawn from the evidence." *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5, supra. Certainly it may be inferred from the fact that the bank admits interest has been earned and accrued to the present date that it acknowledges the addition of the interest to the open and existing savings account.

*Judgment adhered to.*