### 53983, 53984. TOWNSEND v. ROLLINS et al. (two cases).

QUILLIAN, Presiding Judge.

Equity Mortgage Corporation formed a limited partnership, called "Highway 78 Property," and listed Equity Mortgage as the sole general partner, and sold ten limited partnership interests to ten individuals. Eight of those persons purchasing limited partnership interests are the plaintiffs in this action below. Plaintiffs' complaint alleged the partnership interests were securities as that term was used and defined in the Georgia Securities Act of 1957, which is applicable to this action; that such sale was in violation of the Securities Act; and plaintiffs have elected to void the sale, as the Act permits them to do; tender back their partnership interests; and demand return of the amount they paid, plus interest, costs, and attorney fees.

Plaintiffs brought this action against Equity Mortgage and 12 individuals, alleging they were salesmen, directors, officers, or agents of Equity Mortgage. Defendants Beal, Senart, and Rogers were alleged to be salesmen and "[a]ll other individual Defendants were directors, officers, or agents . . . at all times pertinent to this action. . ." Defendant answered and denied that he was either a director, officer, or agent. Plaintiffs' motion for summary judgment as to Count 1 of the complaint was granted. Defendant Townsend appeals. *Held:*

1. Plaintiffs' evidence in support of their motion for summary judgment showed defendant "found the

property" and "put together the Highway 78 deal and was the most knowledgeable about Highway 78" according to the president of Equity Mortgage. The president also stated in a deposition that defendant's name was in the corporation brochure as "Assistant Secretary," and was a director at one time.

Defendant Townsend, in his answer and affidavit in response to the plaintiffs' motion for summary judgment, denied he was an agent, director, or officer. The president testified that the brochure was made up "sometime prior to the Highway 78 deal." The president listed the officers of the corporation and defendant was not among them. Townsend "signed checks," and was "the assistant to the secretary" because it required two people to sign checks. The president also stated Townsend "didn't sell" any of the Highway 78 property interests, and he didn't think he was "involved in any way in the sale of the limited partnership to anyone." Townsend never received a salary from Equity Mortgage.

The sale of the limited partnership interests took place on March 15, 1974, when the "Agreement and Certificate of Limited Partnership" was concluded. Prior to that time a number of plaintiffs had signed the document, but the agreement to form the partnership was not to be consummated unless all 10 shares were sold. Defendant Townsend's affidavit stated "he has never been a Director nor ever active in the operation or management of" Equity Mortgage. He delivered "his resignation" to Equity Mortgage on April 25, 1973, more than 10 months before the sale of the limited partnership interests to plaintiffs.

The cardinal rule of the summary judgment procedure is that the court can neither resolve the facts nor reconcile the issues, but can only look to ascertain if there is an issue. *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 739 (123 SE2d 179). Plaintiff alleged defendant was either a director, officer, or agent. Defendant's evidence that he had never been a director or active in the management, and submitted his resignation to the corporation more than 10 months prior to the sale of the partnership interests, is in direct conflict with the evidence of plaintiff. The trial court erred in resolving this

issue in favor of plaintiff.

2. Plaintiffs contend that defendant Townsend has attempted to raise issues of fact which depend on evidence presented at a hearing not attended by the defendant or his attorney. Further, no transcript was made of this hearing and "this court cannot pass on questions presented where the errors of enumeration require [a] transcript of the evidence . . . [Thus,] the judgment must be affirmed." Plaintiff misconstrues *Dunaway v. Beam,* 129 Ga. App. 220 (199 SE2d 395), cited as authority for this assertion. *Dunaway* is not a summary judgment case. It merely holds that where "errors enumerated require a transcript of the trial for a determination of their merits [and] [t]he transcript of the trial not having been filed . . . there is no question presented . . . upon which this court can pass."

"On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party. . ." *Wheeler v. Rowell,* 234 Ga. 403, 404 (216 SE2d 301). That was the burden of the plaintiff below as the moving party. The evidence cited in Division 1 above was presented by the defendant and raises an issue of fact which requires resolution. Even if the evidence presented by the plaintiff at the hearing which was not transcribed was directly contrary to that of the defendant, there would still be conflicting evidence on an issue which could only be resolved by a jury. This contention is without merit.

3. As Division 1 above requires this action to be returned for trial before a jury, the second enumeration of error is moot.

4. Although the issue in the companion case of 53984 is mooted by our decision in Division 1, the judgment must be reversed because 53984 promulgates the final judgment of 53983.

*Judgments reversed. Shulman and Banke, JJ., concur.*

ARGUED JUNE 8, 1977 — DECIDED JUNE 28, 1977.

*Peek & Whaley, John E. Sacker, Jr.,* for appellant.

*McGehee & Orthwein, Jack N. Sibley, Barber & Hooper, P. T. McCutchen, Jr., Driebe & Lawson, Eugene E. Lawson, Jones, Black & Campbell, J. Michael Campbell, Harold Karp, Barry A. Karp, Edward L. Sanders,* for appellees.

Allen L. Jones, *pro se.*

Burt Shepard, *pro se.*