70708. PLUNKETT v. H. J. MOTELS, INC.
70709. PLUNKETT v. POOLE.
(335 SE2d 449)

BIRDSONG, Presiding Judge.

Summary Judgment. Barry C. Plunkett went to a lounge on January 17, 1983, owned and operated by Poole and his partners. Poole was an entertainer as well as part-owner of the lounge. The lounge was located on the second floor of the Olde English Inn, a motel owned and operated by H. J. Motels, Inc. One gained access to the lounge by entering the lobby of the motel. To the right side of the lobby was the registration desk. In the center of the lobby was a long flight of stairs leading from the lobby to a second floor level extending partially over the lobby. At the head of the steps were doors leading into the lounge. It is uncontested that an attendant at the registration desk could not see under the central stairs leading to the lounge area. It also is uncontested that on the evening of January 17, 1983, the registration desk was manned and that other employees of the motel were present in the lobby. There was a security guard on duty in the motel who spent approximately 20 minutes outside the building of the motel and ten minutes in the lobby every 30 minutes of his shift. It also is uncontested that at the time of the incident involved in this case the lounge did not hire a security guard or bouncer.

Plunkett arrived at the lounge early (about 5:30 p.m.) to visit a waitress employed at the lounge. Later during the evening two men, Estes and Abernathy, also came into the lounge and occupied a table next to the one occupied by Plunkett. Ultimately the three men joined together at the same table. During the evening, they com-

menced arm wrestling, and during that enterprise, a glass was knocked over. Poole, who stated he was sensitive to such noises, approached the table and advised the three men that arm wrestling was not permitted, apparently because Poole's experience indicated that such activity often led to hostility and fights.

Later according to Plunkett, either Estes or Abernathy sought to have Plunkett obtain cocaine for the two men. Plunkett admitted to them he might know where such could be obtained but declined to procure any cocaine. Though the first denial was accepted without any problem, repeated requests and denials angered the two late-comers. Either Estes or Abernathy or both then became more agitated and a bottle was knocked over. Poole once again approached the table and as he did he heard and observed that voices were slightly raised and he sensed that a fight might be forthcoming. Poole therefore requested Estes and Abernathy to pay their tab and leave. The two men cooperated quietly, paid their tab, and left. Poole advised Plunkett not to leave at the same time so as to avoid any potential problem. Poole then returned to his entertainment duties. Plunkett remained for about one more hour. He then paid his tab and left the lounge.

As he descended the stairs to the lobby of the motel, Plunkett noticed a female at the registration desk and another employee close by. Upon arriving at the lobby level, he observed Estes and Abernathy walk up from behind him apparently from a location under the steps leading up to the lounge. Somewhat alarmed Plunkett asked Estes and Abernathy (in a normal tone of voice) what was happening. He did not raise his voice nor was there any struggle. Nevertheless without saying a word, Estes took one arm, Abernathy the other, and the two men escorted Plunkett out of the lobby into the parking lot where they administered a severe beating resulting in permanent injury to Plunkett. A subsequent criminal trial resulted in conviction and incarceration of both Estes and Abernathy.

Plunkett filed the present complaint against Estes and Abernathy for his injuries and against Poole d/b/a J. P.'s Lounge and against H. J. Motels for not affording Plunkett a safe place as a guest nor affording a safe approach to the motel and lounge. Upon motion by H. J. Motels and Poole for summary judgment, the trial court granted those motions. Plunkett seeks these appeals complaining there are issues of fact existent in the litigation that precluded the grant of summary judgment. *Held*:

There is a voluminous record in this case including numerous depositions, affidavits, and other documents. Issues of intervening and unexpected criminal acts, principal and agent and negligent failure to protect or to safeguard one's own person were all exposed and discussed. However as an appellate court, we cannot ignore the unre-

butted affidavit of a security expert (apparently accepted by the court as such) who affirmed that under the facts presented, in the expert's opinion, Poole failed to abide by the usual and customary practices of the lounge industry when, believing that a fight was imminent between Estes and Abernathy and Plunkett, he (Poole) did not make certain that the two men not only left the lounge but also its approaches when ordered to do so; that the lounge failed to have a designated security person other than Poole himself (whose primary duty was as an entertainer-singer). It was the opinion of the expert that it is the usual custom of the lounge industry to have present a full-time security person. In his opinion, it was negligent not to have such a person, for usual custom was to have such a security person either escort rowdy persons from the premises or make certain that such persons vacate the premises and the approaches to such premises. This expert also opined that H. J. Motel was negligent in failing to maintain adequate lighting in the parking areas used by its patrons and the lounges patrons; by failing to recognize and remove loiterers in the lobby who apparently had remained under the steps for approximately an hour; and, lastly, for not recognizing and challenging the unusual conduct of Estes and Abernathy in accosting and escorting Plunkett from the lobby at least by making an inquiry.

As a general proposition, issues of negligence, contributory negligence and lack of ordinary care for one's own safety are not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner. *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 237 (227 SE2d 336); *Wakefield v. A. R. Winter Co.*, 121 Ga. App. 259, 260 (174 SE2d 178). Thus, the cardinal rule of the summary judgment procedure is that the court can neither resolve the facts nor reconcile the issues, but only look to ascertain if there is an issue. *Bagley v. Firestone Tire &c. Co.*, 104 Ga. App. 736, 739 (123 SE2d 179). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact and if the trial is presented with a choice of inferences to be drawn from the facts, all inferences of fact from the proofs profferred at the hearing must be drawn against the movant and in favor of the party opposing the motion. *Lewis v. C & S Nat. Bank,* 139 Ga. App. 855, 860 (229 SE2d 765). We are satisfied that the unrebutted affidavit of the security expert, when considered in context of the evidence presented by deposition and affidavit, leaves unresolved issues of material fact. It follows the trial court improperly ruled upon these issues of fact, thus removing them from the appropriate forum, the jury.

*Judgments reversed. Carley and Sognier, JJ., concur.*

*William E. Sumner, Michael A. Dailey, Stephen J. Anderson,* for appellant.

*E. Speer Mabry III, Jan P. Cohen, Gene Burkett, Larry W. Thomason,* for appellee.